UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| National Fair Housing Alliance, Inc.; Savannah-Chatman County Fair Housing Council, Inc; and Metro Fair Housing Services, Inc. | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) CAUSE NO. 1:10-cv-00993-RLY-DML |
| S. C. Bodner Company, Inc.; MBA Construction, LLC; Steven C. Bodner; Retreat Apartments of Mobile LLC; Hunstville Main Street Apartments LLC; Mountain Ranch Apartments LLC; Village Rice Hope Apartments, LLC; Pavilion Apartments at Plantation Way LLC; LBM Realty, LLC; Spring Lake Apartments Limited Partnership; Brooklyn Place TIC I-XXIX, LLC; Reserve Apartments, LLC; Cross Lake Apartments, LLC; Twin Creek Apartments, LLC; Whispering Ridge Apartments, LLC; Enclave Apartments Covell Village, LLC; Village at Quail Springs Apartments, LLC; Morgan Overlook Apartments, LLC; and Morgan Crescent at Wolfchase, LLC; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS, MORGAN OVERLOOK APARTMENTS LLC, MORGAN CRESCENT AT WOLFCHASE, LLC, AND HUNTSVILLE MAIN STREET APARTMENTS LLC'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendants, Morgan Overlook Apartments LLC ("Morgan Overlook"), Morgan Crescent at Wolfchase, LLC ("Morgan Crescent"), and Huntsville Main Street Apartments LLC ("Huntsville"), by counsel, submit this memorandum in support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**I.    Introduction**

This unsupported fair housing lawsuit is brought by three non-profit public service/community organizations against the builders/designers and current owners of multi-

family apartment complexes. Plaintiffs allege that the Design/Build Defendants have engaged in a pattern of discrimination against people with disabilities in violation of the Fair Housing Act ("FHA") by designing and/or constructing multifamily dwellings and the common use and public use areas associated with the dwellings at six apartments complexes tested by Plaintiffs. *See* Plaintiffs' Complaint, ¶ 2. Plaintiffs further allege that Morgan Overlook and Morgan Crescent have "made dwellings unavailable to and discriminated in the provision of services and facilities against people with disabilities in violation of 42 U.S.C. § 3604(f)(1)-(2)." *Id.* at ¶¶ 54-55. Plaintiffs merely identify Huntsville as an owner of a property that might have similar FHA accessibility violations. *Id.* at ¶¶ 8 and 24.

Plaintiffs' Complaint suffers from fatal defects. Defendants did not design or construct any of the properties in question. Plaintiffs did not bring a "design and construct" claim under the FHA against Morgan Overlook and Morgan Crescent. Plaintiffs' Complaint merely claims that because Morgan Overlook's and Morgan Crescent's properties allegedly contain "design and construct" deficiencies under the FHA, they have discriminated against disabled individuals in violation of the FHA under 42 U.S.C. § 3604(f)(1)-(2). Plaintiffs have not identified any disabled individual who experienced the alleged discrimination or any specific instance of such allegedly discriminatory conduct. Plaintiffs have not even stated a cause of action against Huntsville. Rather, Plaintiffs identify Huntsville as an owner of a property that Plaintiffs have reason to believe has possible FHA accessibility violations. Accordingly, Plaintiffs' Complaint is insufficient to state a claim upon which relief can be granted and is fundamentally flawed as a matter of law. Thus, this Court should grant Defendants' Motion to Dismiss Plaintiffs' Complaint against Morgan Overlook, Morgan Crescent, and Hunstville.

## II.  Statement of Facts

### A.  The Parties

#### 1.  The Plaintiffs

The Plaintiffs are non-profit public service/community organizations including the National Fair Housing Alliance and two of its members, Savannah-Chatham County Fair Housing Council, Inc. and Metro Fair Housing Services, Inc.  *Id.* at ¶¶ 1, 11-13.

#### 2.  Morgan Overlook and Morgan Crescent

Morgan Overlook and Morgan Crescent are the owners of properties purportedly tested by Plaintiffs for violations of the FHA.  *Id.* at ¶¶ 3, 21, 22.   Morgan Overlook became the owner of Overlook at Golden Hills on or about September 25, 2008.  *Id.* at ¶ 21.   Morgan Crescent became the owner of Crescent at Wolfchase on or about August 16, 2007.  *Id.* at ¶ 22.

#### 3.  Huntsville

Huntsville is the owner of the Main Street Apartments.  *Id.* at ¶ 24.  Huntsville became the owner on November 9, 2007.

#### 3.  Allegations and Relief Sought

Plaintiffs claim to have tested the apartments owned by Morgan Overlook and Morgan Crescent and allege that they have "engaged in an ongoing and continuous pattern and practice of discrimination in the rental of dwellings, in violation of the FHAA."  *Id.* at ¶¶ 3, 21, and 22.  According to Plaintiffs' Complaint, Morgan Overlook and Morgan Crescent have "features that do not comply with 42 U.S.C. § 3604(f)(3)(C), including but not limited to those described in paragraphs 50 through 55 of the Complaint."  *Id.* at ¶ 49.  Plaintiffs' further allege that Morgan Overlook and Morgan Crescent

> either ha[ve] knowledge of these deficits or ha[ve] had sufficient time to discover and correct them and ha[ve] not done so.  Rather, [Morgan Overlook and Morgan

> Crescent] have continued to rent covered units with common use areas with features that are inaccessible to people with physical disabilities.

*Id.* Plaintiffs' Complaint concludes that "by continuing to rent covered dwelling units without correcting these features, [Morgan Overlook and Morgan Crescent have] made dwellings unavailable to and discriminated in the provisions of services and facilities against people with disabilities in violation of 42 U.S.C. § 3604(f)(1)-(2)." *Id.* at ¶¶ 54-55.

Supported by these allegations alone, Plaintiffs bring the following claim under 42 U.S.C. § 3604(f)(1)-(2) against Morgan Overlook and Morgan Crescent:

> Through the actions and inactions described in paragraph 67 above, [Morgan Overlook and Morgan Crescent] have:
> a.  discriminated in the rental of, or otherwise made unavailable, or denied dwellings to people because of their disabilities in violation of the FHAA, 42 U.S.C. § 3604(f)(1); and
> b.  discriminated against people with disabilities in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling in violation of the FHAA, 42 U.S.C. § 3604(f)(2).

*Id.* at ¶ 68.

Plaintiffs do not state any cause of action against Huntsville. Rather, Plaintiffs' merely identif Huntsville as an owner of a property that "shares common design features with the tested apartment complexes and Plaintiffs have reason to believe that similar FHAA accessibility violations may exist." *See* Plaintiffs' Complaint, ¶¶ 8 and 24.

Plaintiffs seek injunctive relief, compensatory and punitive damages, attorney's fees, and costs from Defendants. *Id.* at Prayer for Relief.

### III.   Legal Standard

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, an action may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit.

*Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept as true all well-pled allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Moransi v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005). "Dismissal of a complaint for failure to state a claim is proper if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "But where the well-pled facts do not permit the court to infer more than the mere possibility of misconduct, the complainant has alleged-but has not shown- that the pleader is entitled to relief." *Id.* at 1950 citing Fed. R. Civ. Pro. 8(a)(2). "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id.* "[D]etermining whether a complaint states a plausible claim is content-specific requiring the reviewing court to draw on its experience and common sense. *Id.* at 1940.

In this situation, Plaintiffs' Complaint fails to plead any factual content which allows this Court and Defendants to draw a reasonable inference that Defendants are liable for the alleged violations of the FHA. Accordingly, Plaintiffs' cause of action against Morgan Overlook and Morgan Crescent for alleged violations of the FHA should be dismissed. Further, Huntsville should be dismissed because Plaintiffs have not even asserted a cause of action against it.

## IV. Argument

**Plaintiffs Fail to Allege Facts Sufficient to State a Cause of Action under the FHA**

Plaintiffs fail to state a claim upon which relief can be granted under the FHA. As plead in Plaintiffs' Complaint, Defendants did not design or construct any of the properties in issue. *See* Plaintiffs' Complaint, ¶¶ 21, 22, and 24. Plaintiffs do not bring an FHA "design and construct" claim under 42 U.S.C. § 3604(f)(3)(C) against Defendants in its Complaint.[1] Plaintiffs assert their "design and construct" claims for the "Design/Build Defendants." *Id.* at ¶¶ 64-66.

Plaintiffs only bring an FHA "discrimination" claim under 42 U.S.C. § 3604(f)(1)-(2) against Morgan Overlook and Morgan Crescent. The FHA makes it unlawful:

> (1) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of—
>   (A) that buyer or renter,
>   (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or
>   (C) any person associated with that buyer or renter.
> (2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of—
>   (A) that person; or
>   (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or

---

[1] Plaintiffs are also time barred from bringing a "design and construct" claim against Morgan Crescent and Huntsville. The statute of limitations for a private civil action brought under the FHA is "no later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." *See* 42 U.S.C. § 3613(a)(1)(A). When the alleged discriminatory housing practice is the "failure to design and construct," the statute of limitations begins to run at the conclusion of the design-and-construction phase, which occurs on the date the last certificate of occupancy is issued. *See Garcia v. Brockway*, 503 F.3d 1092, 1096 (9th Cir. 2007) (dismissing claims that multifamily dwellings were not designed and constructed in accordance with FHA standards because the lawsuit was not brought within two years of the completion of the construction phrase.). *See also Stevens v. Housing Authority of South Bend*, 2010 WL 2560431 *11 (N.D. Ind.) (referencing and adopting *Garcia*); *Silver State Fair Housing Council, Inc. v. ERGS, Inc., et al*, 362 F.Supp.2d 1218 (D. Nev. 2005). Plaintiffs expressly allege in their Complaint that Morgan Crescent became the owner of Crescent at Wolfchase on or about August 16, 2007. *Id.* at ¶ 22. In addition, Huntsville became the owner of the Main Street Apartments on November 9, 2007. Thus, any action alleging a "design and construct" violation of the FHA with respect to Morgan Crescent and Huntsville falls outside the statute of limitations period unless it was brought within two years of design and construction was completed.

(C) any person associated with that person.

*See* 42 U.S.C. § 3604(f)(1)-(2).  In support of this FHA "discrimination" claim, Plaintiffs' Complaint alleges that the properties owned by Morgan Overlook and Morgan Crescent have "features that do not comply with 42 U.S.C. § 3604(f)(3)(C)."  *See* Plaintiffs' Complaint, ¶¶ 49, 54, 55, 67, 68.  Based solely on these allegations, Plaintiffs' Complaints concludes that "by continuing to rent covered dwelling units without correcting these features, [Morgan Overlook and Morgan Crescent have] made dwellings unavailable to and discriminated in the provision of services and facilities against people with disabilities in violation of 42 U.S.C. § 3604(f)(1)-(2)."  *Id.* at ¶¶ 54-55.

Plaintiffs' Complaint is deficient in that it fails to identity any disabled individual who faced such alleged discrimination, or any specific instance of such allegedly discriminatory conduct.  The law is clear that to state a prima facie case of discrimination under the FHA, a plaintiff must show that he is 1) a member of a protected class; 2) the defendant was aware of plaintiff's class membership; 3) plaintiff was ready, willing and able to buy, rent or otherwise inhabit the dwelling; and 4) the defendant refused to deal with him.  *See Fincher v. South Bend Housing Authority*, 612 F.Supp.2d 1009, 1025 (N.D. Ind. 2009) citing *Hamilton v. Svatik*, 779 F.2d 383, 387 (7th Cir. 1985).  Plaintiffs do not allege that they were denied a rental because they are disabled.  Plaintiffs do not claim that they were denied a rental because they associate with handicapped persons.  Moreover, Plaintiffs do not sue on behalf of third party disabled persons.  Plaintiffs do not allege that any person having rights under the FHA has actually been denied a rental by Defendants' alleged conduct.  The only contact Plaintiffs allege to have had with the properties owned Morgan Crescent and Morgan Overlook is a visit in 2008, in which Plaintiffs did nothing more than identify "multiple FHAA design and construction violations."  *See*

Plaintiffs' Complaint, ¶ 37.  If any of the "test" individuals encountered any "discrimination" under the FHA, Plaintiffs should have pled such facts in its Complaint.  Consequently, Plaintiffs fail to state a claim for relief under the FHA on behalf of themselves or third parties who are members of the protected class, because Plaintiffs' Complaint does not contain any factual allegations of discrimination that Morgan Overlook or Morgan Crescent refused to rent, made unavailable, or denied a rental to any disabled individual.

Plaintiffs' Complaint contains conclusory allegations that are nothing more than a "formulaic recitation of the elements" to support Plaintiffs' 42 U.S.C. § 3604(f)(1)-(2) claim against Morgan Overlook and Morgan Crescent.  *See Iqbal*, 129 S.Ct. at 1951 (citation omitted).  The Court has made it clear that "although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50.  Thus, without Plaintiffs asserting factual allegations in support of a violation of the FHA, Plaintiffs' Complaint merely contains "legal conclusions" that do not state a claim for discrimination upon which relief can be granted under the FHA.  *Id.* (citation omitted) ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'").

Plaintiffs have failed to plead any facts of the alleged "discrimination" of Defendants in violation of the FHA.  Plaintiffs' Complaint merely attempts to link the "design and construct" allegations against the Design/Build Defendants to a discrimination claim against Morgan Overlook and Morgan Crescent.  Plaintiffs' claim against Morgan Overlook and Morgan Crescent is based entirely upon the alleged noncompliant construction of dwelling units by the "Design/Build Defendants."  Any argument by Plaintiffs that the alleged violations of 42 U.S.C.

§ 3604(f)(3)(C) satisfy the "discrimination" pleading requirement of its 42 U.S.C. § 3604(f)(1)-(2) cause of action against Morgan Overlook and Morgan Crescent is unsupported and without merit. Even if the design and construction requirements under § 3604(f)(3)(C) could be construed as "discrimination", Plaintiffs have still failed to identify the identity of the adversely affected disabled individual or specific instance(s) of discrimination.

In addition to Plaintiffs failing to identify the basic factual background to support a claim of "discrimination" under the FHA against Morgan Overlook and Morgan Crescent, Plaintiffs fail to even state a cause of action against Huntsville. Plaintiffs' merely identified Huntsville as an owner of a property that "shares common design features with the tested apartment complexes and Plaintiffs have reason to believe that similar FHAA accessibility violations may exist." *See* Plaintiffs' Complaint, ¶¶ 8 and 24. Thus, Plaintiffs' Complaint against Huntsville is fundamentally flawed as a matter of law. Accordingly, Plaintiffs' Complaint against the Defendants fails to state a claim upon which relief can be granted and is properly dismissed.

## V. Conclusion

For the foregoing reasons, Defendants, Morgan Overlook Apartments LLC, Morgan Crescent at Wolfchase, LLC and Huntsville Main Street Apartments LLC, by counsel, respectfully requests that Plaintiffs' Complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). Defendants further request that they be awarded costs and disbursements incurred in this action and such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        **LEWIS WAGNER LLP**

        By: s\ STEPHANIE L. CASSMAN
           JOHN C. TRIMBLE, #1791-49
           STEPHANIE L. CASSMAN, #22206-49
           THERESA R. PARISH, #27996-49
           Counsel for Defendants Morgan Overlook
           Apartments LLCM, Morgan Crescent at
           Wolfchase, LLC and Huntsville Main Street
           Apartments LLC

CERTIFICATE OF SERVICE

   This is to certify that I have served a copy of the foregoing upon all counsel of record, as follows, via the Court's electronic filing system, this 18th day of October, 2010:

| | |
|---|---|
| John William Emry, Jr.<br>johnemrylaw@att.net | Michael Allen<br>Stephen M. Dane<br>Thomas J. Keary<br>RELMAN, DANE & COLFAX, PLLC<br>mallen@relmanlaw.com<br>sdane@relmanlaw.com<br>tkeary@relmanlaw.com |
| David K. Herzog<br>Harmony A. Mappes<br>Paul A. Wolfla<br>BAKER & DANIELS<br>david.herzog@bakerd.com<br>harmony.mappes@bakerd.com<br>paul.wolfla@bakerd.com | Andrew W. Gruber<br>Casey Jo Eckert<br>BINGHAM, McHALE, LLP<br>agruber@binghammchale.com<br>ceckert@binghammchale.com |
| Charles F.G. Parkinson<br>cparkinson.hwllaw.com | |

            s\ STEPHANIE L. CASSMAN

LEWIS WAGNER, LLP
500 Place
501 Indiana Avenue, Suite 200
Indianapolis, IN  46202-6150
Telephone:     (317) 237-0500
Facsimile:      (317) 630-2790

Q:CHUB\41\motion_dismiss_brief.doc