UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

National Fair Housing Alliance, Inc., *et al.*  )
)
)
)
)
Plaintiffs,  )
)
)    Case No. 1:10-CV-0993-RLY-DML
v.  )
)
)
)
S.C. Bodner Company, Inc., *et al.*  )
)
)
Defendants.  )
)
)

**STIPULATED JUDGMENT**

This Stipulated Judgment is entered into this 10th day of May 2011 by and between Plaintiffs National Fair Housing Alliance, Inc., Savannah-Chatham County Fair Housing Council, Inc., and Metro Fair Housing Services, Inc. ("Plaintiffs') and Defendants S.C. Bodner Company, Inc.; MBA Construction, LLC; Steven C. Bodner; Retreat Apartments of Mobile, LLC; Mountain Ranch Apartments LLC; Village at Rice Hope Apartments LLC; Pavilion Apartments at Plantation Way LLC; Reserve Apartments, LLC; Twin Creek Apartments, LLC; Whispering Ridge Apartments LLC; Mountaineer Place Apartments LLC; and Village at Quail Springs Apartments, LLC ("Bodner Defendants"). Plaintiffs and the Bodner Defendants are

referred to collectively herein as the "Parties." [1]

## I. PURPOSES OF THE STIPULATED JUDGMENT

WHEREAS the Bodner Defendants are the developers, owners, and/or managers of the Retreat at Schillinger Apartments in Mobile, Alabama; Mountain Ranch Apartments in Fayetteville, Arkansas; Village at Rice Hope Apartments in Port Wentworth, Georgia; Pavilion at Plantation Way in Macon, Georgia; The Reserve Townhomes and Apartments in Evansville, Indiana; Pavilion at Twin Creek in Bellevue, Nebraska; Whispering Ridge Apartments in Omaha Nebraska; Village at Quail Springs in Oklahoma City, Oklahoma and Mountaineer Place in Morgantown West Virginia ("Bodner Properties");

WHEREAS, on August 5, 2010, Plaintiffs filed a Complaint against the Bodner Defendants and others in the United States District Court for the Southern District of Indiana, case number 1:10-cv-00993-RLY-DML, alleging that, as more fully set forth in the Plaintiffs' Complaint, certain of the Bodner Defendants designed and constructed the Bodner Properties and others, without full adherence to all of the required elements of accessible and adaptable design in violation of the Fair Housing Act (FHA);

WHEREAS the Bodner Defendants and Plaintiffs have engaged in discussions to resolve the allegations set forth in the Complaint regarding access and environments for residents and visitors at the Bodner Properties; and, thereafter, the Parties have worked closely together to create a method to accomplish such a resolution and enhance accessibility and livability by

---

[1] This Stipulated Judgment does not address claims brought by Plaintiffs against Defendants Huntsville Main Street Apartments LLC; LBM Realty, LLC; Spring Lake Apartments Limited Partnership; Brooklyn Place TIC I, LLC through Brooklyn Place TIC XXIX,, LLC; Cross Lake Apartments, LLC; Morgan Overlook Apartments LLC; and Morgan Crescent at Wolfchase Apartments LLC. Nor does it address Plaintiffs' claims against Defendants S.C. Bodner Company, Inc.; MBA Construction, LLC and Steven C. Bodner for their alleged design and construction of Main Street Apartments in Huntsville Alabama, Summer Place Apartments in Granger, Indiana; Spring Lake Apartments in Granger, Indiana; Brooklyn Place Apartments in Evansville, Indiana; Cross Lake Apartments in Evansville, Indiana; Overlook at Golden Hills in Lexington, South Carolina; and Crescent at Wolfchase in Memphis Tennessee.

disabled persons in the future and which will avoid future claims by NFHA affiliate members and others concerning the subject matter of the Complaint;

WHEREAS, William E. Endleman, AIA of Endleman & Associates, PLLC ("Inspector") has been retained by the Parties as neutral, third party inspector;

WHEREAS, by the agreement of the Parties, the Inspector or his agent has visited and surveyed the Bodner Properties and will, on or before July 15, 2011, provide a written report for each of the Bodner Properties ("Inspector's Report"), containing the Inspector's findings and recommendations concerning remediation of items determined not to be in compliance with accessibility requirements;

WHEREAS the Parties, without liability, have concluded that it serves their respective interests to resolve the litigation and to avoid the expenditure of additional time, effort and resources in litigating disputes as to the Bodner Properties; and they now wish to fully, finally, and forever settle and compromise the claims and defenses that each has in this action regarding these properties and to release, discharge, and terminate all claims, demands, controversies, suits, causes of action, damages, rights, warranties, liabilities and obligations between them relating to these properties as described herein; and

WHEREAS the Parties have entered into certain Performance Protocols outlining the methods by which remediation will occur, and intend that each and every term of the Performance Protocols be incorporated herein by this reference.

## II. TERMS OF THE STIPULATED JUDGMENT

Based upon the foregoing recitals, which are incorporated herein by this reference, it is hereby ORDERED, ADJUDGED AND DECREED as a Final Judgment that:

A. <u>Settlement Payment</u>

The Bodner Defendants shall, no later than October 31, 2011, make a Settlement Payment, pursuant to the Performance Protocols, as compensation to Plaintiffs (including reimbursement of attorney's fees). No portion of the Settlement Payment is intended for, or will be utilized for, the Bodner Defendants to make any building or property more accessible or accommodating to any disabled person.

B.   <u>Retrofitting of Design and Construction Elements</u>

The Parties have previously entered into a Settlement Outline and developed Performance Protocols, the terms of which are incorporated herein by reference and enforceable as part of this Stipulated Judgment. Pursuant to Performance Protocols, a final "Punch List" shall be developed, which describes the work needed to achieve the goal of making the specific features more accessible at each Bodner Property.

    1. Defendants S.C. Bodner Company, Inc., MBA Construction, LLC and Steven C. Bodner shall make the accessibility-related changes on the final Punch List for each Bodner Property. In addition, each Bodner Defendant that is a limited liability company ("LLC") and that owns an individual Bodner Property shall also make the accessibility-related changes on the final Punch List for the Bodner Property it owns, but shall have no liability for the other Bodner Properties.

    2. All retrofits to the building entrances, accessible routes and the public and common use areas on the Punch List for each Bodner Property, shall commence as soon

as reasonably possible after the date the Punch List is finalized for that property and shall be completed not more than twelve (12) months from the end of the month in which the Punch List for that property is finalized, unless the Parties agree otherwise in writing.

    3. Unless a tenant has requested expedited retrofitting, pursuant to Paragraphs B.4 and B.5 below, Punch List retrofits to the interiors of "covered multifamily dwellings," as that term is defined by 24 C.F.R. § 100.201, shall commence when the unit first becomes vacant following finalization of the Punch List for the property and shall be completed before the unit is re-occupied by a new tenant. Regardless of whether or not a vacancy arises, however, the relevant Bodner Defendants shall perform these Punch List retrofits within twenty four (24) months from the end of the month in which the Punch List for the property is finalized, unless the Parties agree otherwise in writing. The relevant Bodner Defendants shall attempt, in good faith, to minimize any inconvenience to the residents of the properties.

    4. A resident or prospective resident of a "covered multifamily dwelling," as that term is defined by 24 C.F.R. § 100.201, may request in writing that retrofits on the Punch List for the interior of his or her unit be performed on an expedited basis. In such instance, the relevant Bodner Defendants shall commence and finish the Punch List retrofits not later than sixty (60) days following receipt of the request, or as soon thereafter as is practical. The relevant Bodner Defendants shall pay all expenses associated with these Punch List retrofits and shall attempt, in good faith, to minimize any inconvenience to the residents of the Bodner Properties.

    5. Within 30 days from the date of the finalization of a Punch List for a Bodner Property, the relevant Bodner Defendants shall provide a notice to the residents of each

ground floor dwelling of a Bodner Property, informing the residents of the availability of interior retrofits under the terms of this Stipulated Judgment, and informing the resident that this work shall be completed without cost to them. The notice shall also include a proposed schedule for such work. Should any resident request Punch List retrofits to his or her unit, the Bodner Defendants agree that within 30 days of the receipt of the tenant's written request or by a later date if specifically requested by tenant or agreed to by the Parties, they will commence the requested Punch List retrofits relating to the interior of the unit and complete the same as soon as reasonably practical thereafter. The expenses associated with the Punch List retrofits at each Bodner Property shall be borne by Defendants S.C. Bodner Company, Inc., MBA Construction, LLC and Steven C. Bodner, and the LLC that owns that Property. That LLC shall have no liability for any other Bodner Property in which it does not have an ownership interest. The Bodner Defendants shall attempt, in good faith, to minimize any inconvenience to the residents of each property.

      6. Performance by the relevant Bodner Defendant of its obligations as outlined in the paragraphs B.1 through B.5 above shall constitute compliance with the terms of this Stipulated Judgment.

      7. The sale or transfer, in whole or in part, of an ownership interest in any of the Bodner Properties by any of the Bodner Defendants prior to the completion of retrofits on the Punch List for a Bodner Property shall not affect their obligation to complete the retrofit work provided for under this Stipulated Judgment. In the event of such sale or transfer of interest, the Bodner Defendants will provide written notice to each buyer or transferee that they are required to complete the Punch List retrofits pursuant to this

Stipulated Judgment. The Bodner Defendants shall either complete the retrofit work prior to the sale or transfer or obtain written consent of the new buyer(s)/transferee(s) to have the Punch List retrofits performed within the time frame allotted herein at the Bodner Property after the new owner takes possession of the Bodner Property. Not later than fourteen (14) days after such sale or transfer, the pertinent Bodner Defendants shall notify Plaintiffs in writing of actions that they have taken in accord with this provision. Upon such sale, the Bodner Defendant LLC owner of such property shall be fully dismissed, released and discharged from the obligations of this Stipulated Judgment, provided either that the retrofit work has been completed and certified prior to the date of sale, or the new owner has assumed and agreed to complete such work in accordance with the Stipulated Judgment.

C.  General Release of All Claims:

For valuable consideration, the sufficiency and receipt of which is hereby acknowledged, Plaintiffs hereby release the Bodner Defendants and their respective past and present partners, officers and directors, their employees, agents, attorneys, accountants, advisors, consultants, subsidiaries, affiliated and parent entities and corporations, and each of their respective insurers, predecessors, successors and assigns (collectively, the "Bodner Affiliates"), of and from any and all claims, demands, debts, causes of actions, complaints, obligations, suits, liabilities, rights, commitments, judgments, suits at law or in equity, and obligations whatsoever, whether known or unknown, concealed, hidden, suspected or unsuspected, that they ever had or may now have, arising out of, or in any way related to, the facts and circumstances surrounding and alleged (or which could have been alleged) in the Complaint regarding the Bodner Properties, including, but

not limited to, claims related to the Federal Housing Act (Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, and any and all amendments thereto), the Americans with Disabilities Act, and any similar federal, state or local accessibility laws.

Plaintiffs, on behalf of themselves and their respective predecessors, successors, assigns, agents, directors and officers expressly covenant and agree to forever refrain from instituting, maintaining, prosecuting, continuing to maintain or prosecute any suit, action, administrative action or proceeding, or assisting others with any suit, action, administrative action, or proceeding involving the Bodner Properties against the Bodner Defendants, subject to the terms and provisions set forth herein with regard to remedial actions. Plaintiffs agree that this Stipulated Judgment shall extinguish and amount to a complete and final disposition of settlement of all claims Plaintiffs may have against the Bodner Defendants relating to all matters and issues involving the Bodner Properties which were alleged or could have been alleged in the Complaint, or raised or could have been raised in the Complaint, including, but not limited to, any claims relating to the Fair Housing Act, the Americans with Disabilities Act, and any federal, state or local laws related thereto. It is understood and agreed that the remedial work is yet to be performed in accordance with the terms and provisions hereof, and that the Court retains jurisdiction to enforce the same.

NFHA's counsel shall move to dismiss with prejudice and without costs (other than as agreed to and set forth in the Performance Protocols), all claims in the Complaint with respect to the Bodner Properties and the owners of the same. However, the Parties covenant and agree that the District Court shall retain jurisdiction over this matter to enforce the terms of this Stipulated Judgment.

Plaintiff NFHA shall take all reasonable steps to secure the cooperation of its members to honor this Stipulated Judgment and to abide by NFHA's decision to enter into this Stipulated Judgment. The Parties seek to avoid future litigation with respect to the Bodner Properties, which concerns the subject matter of Plaintiffs' Complaint, and to bring any such future claim by a member to NFHA's attention for purposes of a mediated resolution with the Bodner Defendants.

D.   Remedial Obligations

1. *General Provisions.* Subject to the terms of this Stipulated Judgment, the Bodner Defendants shall design and construct any new covered multifamily dwellings in compliance with 42 U.S.C. § 3604, subdivisions (f)(1)-(3), as amended. NFHA will cooperate with Bodner Defendants in this regard, to the extent of available time and staff, by reviewing plans and inspecting properties at Bodner's request and expense for a period of 36 months from date of this Stipulated Judgment.

2. *Notice to and Education of Current and Future Employees.*

a. For a period of thirty-six (36) months from the execution of this Stipulated Judgment the Bodner Defendants shall ensure that any of their employees and agents who have supervisory authority over the design and/or construction of covered multifamily dwellings have a copy of, are familiar with, and personally review, the Fair Housing Accessibility Guidelines, 56 Fed. Reg. 9472 (1991) and the United States Department of Housing and Urban Development, FHA Design Manual, A Manual to Assist Builders in Meeting the Accessibility Requirements of the FHA, (August 1996, Rev. April 1998).

b. Within thirty (30) days of the execution of this Stipulated Judgment, the Bodner Defendants shall provide to all of their executive and on-site management employees with supervisory responsibility for the design and/or construction of covered multifamily dwellings a copy of this Stipulated Judgment. Bodner Defendants further agree to secure a signed statement from each such agent or employee acknowledging that he or she has received and read the Stipulated Judgment and has had an opportunity to have questions about the

Stipulated Judgment answered. Within 40 days of the entry of this Stipulated Judgment, copies of the signed statements shall be provided to NFHA.

    c. For a period of thirty-six months (36) from the entry of this Stipulated Judgment, the Bodner Defendants shall, within thirty (30) days after the date any new employee or agent with supervisory responsibility for the design and/or construction of covered multifamily dwellings commences work, give such new employee or agent a copy of this Stipulated Judgment; and secure a signed statement from each acknowledging that he or she has received and read the Stipulated Judgment and has had an opportunity to have questions about the Stipulated Judgment answered. By December 30 of each year during the term of this Stipulated Judgment, Bodner Defendants shall provide copies of these statements to NFHA.

3. *Notice to Public:*

    a. Within 10 days of the date of execution of this Stipulated Judgment, and for a period of thirty-six (36) months thereafter, the relevant Bodner Defendants agree to post and prominently display in the sales or rental offices of all covered multifamily dwellings owned in whole or in part or managed by them a sign no smaller than 10 by 14 inches indicating that all dwellings are available for rental on a nondiscriminatory basis. A poster that comports with 24 C.F.R. Part 110 will satisfy this requirement.

    b. For a period of thirty-six months (36) from the execution of this Stipulated Judgment, the relevant Bodner Defendants shall, in all advertising in newspapers, websites, or reprints of pamphlets, brochures and other promotional

literature regarding any covered multifamily rental property owned in whole or in part or managed by them, to place, in a conspicuous location, the universal symbol of accessibility.

E. <u>Findings</u>

The Court makes the following findings:

1. The Parties have freely, voluntarily, and without coercion agreed to the entry of this Stipulated Judgment.

2. The Court has personal jurisdiction over Plaintiffs and Bodner Defendants for purposes of this Action and has jurisdiction over the subject matter of this Action.

3. The provisions of this Stipulated Judgment shall be binding upon Plaintiffs and Bodner Defendants.

4. This Stipulated Judgment shall be deemed as having adjudicated, once and for all, the merits of each and every claim, matter and issue that was alleged or could have been alleged in the Complaint as to the Bodner Defendants and the Bodner Properties. Accordingly, res judicata and collateral estoppel shall apply to each and every such claim, matter and issue so that the Plaintiffs are forever barred from litigating such claims, matters and issues.

5. Entry of this Stipulated Judgment is in the public interest.

6. This Stipulated Judgment is for settlement purposes only and does not constitute an admission by the Bodner Defendants of any allegations contained in the Complaint.

7. Plaintiffs are acting as private attorneys general in maintaining this action and enforcing the provisions of the Fair Housing Act and Americans with Disabilities Act against the Bodner Defendants and with respect to the Bodner Properties

8. Therefore, the Court finds that any further legal or administrative action of any kind except for the enforcement of this Stipulated Judgment, instituted by any individual or entity arising from, based upon, or connected with the alleged failure to design and/or construct the Bodner Properties in compliance with the provisions of the Fair Housing Act would be moot.

F. <u>Miscellaneous Provisions</u>.

1. *Binding Effect.* This Stipulated Judgment shall be binding upon and inure to the benefit of the parties hereto, their respective heirs, successors and assigns.

2. *Costs and Expenses.* Except as specifically provided for herein, each of the Parties to this Stipulated Judgment shall bear its own costs arising out of and/or relating to the Complaint as to the Bodner Defendants at the Bodner Properties.

3. *Deadlines.* All deadlines and dates for performance by Plaintiffs and/or the Bodner Defendants under this Stipulated Judgment may be extended or modified by written agreement between NFHA and the Bodner Defendants.

4. *Authority to Contract.* The Parties hereby mutually acknowledge, represent and warrant that the persons executing this document on their behalf are vested with complete and legal authority to execute agreements, and specifically, the instant Stipulated Judgment on their behalf.

5. *Severability.* Each provision and term of this Stipulated Judgment shall be

interpreted in such a manner as to be valid and enforceable. In the event any provision or term of this Stipulated Judgment is determined to be, or is rendered, the invalid or unenforceable, all other provisions or terms of this Stipulated Judgment shall remain unaffected to the extent permitted by law.

6. *Notice to the Parties.* All notices required or permitted hereunder shall be in writing and shall be served on the Parties at the addresses or e-mail addresses set forth below. If sent by overnight delivery, notice shall be deemed delivered one (1) business day after deposit with the nationally recognized overnight courier. Personal delivery shall be deemed delivered upon the date the same was actually delivered. E-mail notices shall be deemed delivered the day the same was sent, provided that the sender has retained a copy and the same was properly sent.

   a. Notices to the Plaintiffs shall be sent to: National Fair Housing Alliance – Attention: Shanna Smith, CEO and President, 1101 Vermont Ave., NW, Suite 710, Washington, DC 20005 with e-mail to ssmith@nationalfairhousing.org. Any notice to the Plaintiffs must all also be sent to counsel for Plaintiffs, Michael Allen, Esq., Relman, Dane & Colfax 1225 19th St. NW, Suite 600, Washington DC 20036 with e-mail to mallen@Relmanlaw.com.

   b. Notices to the Bodner Defendants shall be sent to: SC Bodner Company, Inc., 6010 W. 62nd St., Indianapolis, IN 46278 with e-mail to Steve.Bodner@SCBodner.com. Any notice to the Bodner Defendants must also be sent to counsel for the Bodner Defendants, Paul Elkin, Esq.., 11511 Balmartin Court, Spotsylvania, VA 22553 with e-mail to pelkin@elkinservices.com.

7. *Entire Agreement.* This Stipulated Judgment constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements, understandings, expectations and discussions of or between the parties, whether oral or written, and there are no representations or other agreements between the parties respecting the subject matter hereof.

### III. ENTRY OF JUDGMENT.

SO ORDERED this, _____ day of _____, 2011.

_____
UNITED STATES DISTRICT COURT JUDGE

Stipulated to by the Parties as indicated by the signatures appearing below:

**Plaintiff National Fair Housing Alliance, Inc.**

By: _Shanna Smith_ May 9, 2011
Name: Shanna L. Smith
Its: President/CEO

**Plaintiff Savannah-Chatham County Fair Housing Council, Inc.**

By: _[signature]_ May 5, 2011
Name: David Wayne Dawson, Jr.
Its: Executive Director

**Plaintiff Metro Fair Housing Services, Inc.**

By: *Foster Corbin*  May 6, 2011
Name: FOSTER CORBIN
Its: EXECUTIVE DIRECTOR

**Defendant S.C. Bodner Company, Inc.**

By: *[signature]*  May 6, 2011
Name: Steven Bodner
Its: President

**Defendant MBA Construction, LLC**

By: *[signature]*  May 6, 2011
Name: Steven Bodner
Its: managing member

**Defendant Steven C. Bodner**

By: *[signature]*  May 6, 2011
Name: Steven Bodner
Its:

**Defendant Retreat Apartments of Mobile, LLC**

By: *[signature]*  May 6, 2011
Name: Steven Bodner
Its: managing member

**Defendant Mountain Ranch Apartments LLC**

By: *[signature]*  May 6, 2011
Name: Steven Bodner
Its: managing member

16

Defendant Village at Rice Hope Apartments LLC

By: _____ May 6, 2011
Name: Steven Bodner
Its: managing member

Defendant Pavilion Apartments at Plantation Way LLC

By: _____ May 6, 2011
Name: Steven Bodner
Its: managing member

Defendant Reserve Apartments, LLC

By: _____ May 6, 2011
Name: Steven Bodner
Its: managing member

Defendant Twin Creek Apartments, LLC;

By: _____ May 6, 2011
Name: Steven Bodner
Its: managing member

Defendant Whispering Ridge Apartments LLC

By: _____ May 6, 2011
Name: Steven Bodner
Its: managing member

Defendant Mountain Place Apartments LLC

By: _____ May 6, 2011
Name: Steven Bodner
Its: managing member

Defendant Village at Quail Springs Apartments, LLC

By: *(signature)*
Name: Steven Bodner
Its: managing member

May 9, 2011

Respectfully Submitted,

*(signature)*

Michael Allen
Stephen M. Dane
Thomas J. Keary
Admitted pro hac vice
Relman & Dane, PLLC
1225 19th Street, NW, Suite 600
Washington DC 20036
Telephone: (202) 728-1888
Fax: (202) 728-0848
mallen@relmanlaw.com

John Emry (Indiana Bar No. 8360-49)
JOHN EMRY LAW
62 W. Jefferson Street
Franklin, IN 46131
Tel: 317-736-5800
Fax: 317-736-6070
johnemrylaw@att.net

*Attorneys for Plaintiffs*
Dated: May 10, 2011

*(signature)*

David K. Herzog
Harmony A. Mappes
Paul A. Wolfla
BAKER & DANIELS - Indianapolis
300 N. Meridian
Suite 2700
Indianapolis, IN 46204
(317) 237-1240
Fax: (317)237-1000
Email: david.herzog@bakerd.com
Email: harmony.mappes@bakerd.com
Email: paul.wolfla@bakerd.com

*Attorneys for Bodner Defendants*
Dated: May 10, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2011, a copy of the foregoing Stipulated Judgment was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Lori R. Koch<br>GOFFSTEIN, RASKAS,<br>POMERANTZ, KRAUS &<br>SHERMAN, L.L.C.<br>7701 Clayton Road<br>St. Louis, MO 63117-1371<br>lkoch@grlawstl.com | John J. Jewell<br>TRIMBLE & JEWELL P.C.<br>P.O. Box 1107<br>706 Court Street<br>Evansville, IN 47706-1107<br>jewell@evansville.net |
| Andrew W. Gruber<br>Casey Jo Eckert<br>BINGHAM MCHALE LLP<br>10 West Market Street, Suite 2700<br>Indianapolis, IN 46204<br>agruber@binghammchale.com<br>ceckert@binghammchale.com | John C. Trimble<br>Theresa R. Parish<br>Stephanie L. Cassman<br>LEWIS WAGNER, LLP<br>501 Indiana Avenue, Suite 200<br>Indianapolis, IN 46202-3199<br>jtrimble@lewiswagner.com<br>tparish@lewiswagner.com<br>scassman@lewiswagner.com |
| Charles F.G. Parkinson<br>HARRIS WELSH & LUKMANN<br>107 Broadway<br>Chesterton, IN 46304<br>cparkinson@hwllaw.com | Christopher D. Oakes<br>COX, OAKES & ASSOCIATES, LTD.<br>1051 Perimeter Drive, Suite 550<br>Schaumburg, IL 60173<br>cdoakes@coxattorneys.com |

s/ Paul A. Wolfla