UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **National Fair Housing Alliance, Inc.;** )<br>**Savannah-Chatham County Fair Housing** )<br>**Council, Inc.; and Metro Fair Housing** )<br>**Services, Inc.,** )<br>                                                                 )<br>         **Plaintiffs,**                                 )<br>                                                                 )  **CASE NO. 1:10-CV-0993-RLY-DML**<br>              v.                                             )<br>                                                                 )<br>**S.C. Bodner Company, Inc.; MBA Construction,** )<br>**LLC; Steven C. Bodner; Retreat Apartments of** )<br>**Mobile, LLC; Huntsville Main Street** )<br>**Apartments LLC; Mountain Ranch Apartments** )<br>**LLC; Village at Rice Hope Apartments, LLC;** )<br>**Pavilion Apartments at Plantation Way LLC;** )<br>**LBM Realty, LLC; Spring Lake Apartments at** )<br>**Limited Partnership; Brooklyn Place TIC I,** )<br>**LLC; Brooklyn Place TIC II, LLC; Brooklyn** )<br>**Place TIC III, LLC; Brooklyn Place TIC IV,** )<br>**LLC; Brooklyn Place TIC V, LLC; Brooklyn** )<br>**Place TIC VI, LLC; Brooklyn Place TIC VII,** )<br>**LLC; Brooklyn Place TIC VIII, LLC; Brooklyn** )<br>**Place TIC IX, LLC; Brooklyn Place TIC X,** )<br>**LLC; Brooklyn Place TIC XI, LLC; Brooklyn** )<br>**Place TIC XII, LLC; Brooklyn Place TIC XIII,** )<br>**LLC; Brooklyn Place TIC XIV, LLC; Brooklyn** )<br>**Place TIC XV, LLC; Brooklyn Place TIC XVI,** )<br>**LLC; Brooklyn Place TIC XVII, LLC; Brooklyn** )<br>**Place TIC XVIII, LLC; Brooklyn Place TIC** )<br>**XIX, LLC; Brooklyn Place TIC XX, LLC;** )<br>**Brooklyn Place TIC XXI, LLC; Brooklyn** )<br>**Place TIC XXII, LLC; Brooklyn Place TIC** )<br>**XXIII, LLC; Brooklyn Place TIC XXIV, LLC;** )<br>**Brooklyn Place TIC XXV, LLC; Brooklyn Place** )<br>**TIC XXVI, LLC; Brooklyn Place TIC XXVII,** )<br>**LLC; Brooklyn Place TIC XXVIII, LLC;** )<br>**Brooklyn Place TIC XXIX, LLC; Reserve** )<br>**Apartments, LLC; Cross Lake Apartments,** )<br>**LLC; Twin Creek Apartments, LLC;** )<br>**Whispering Ridge Apartments LLC;** )<br>**Mountaineer Place Apartments, LLC ;** )<br>**Village at Quail Springs Apartments, LLC;** )<br>**Morgan Overlook Apartments LLC; Morgan** )<br>**Crescent at Wolfchase Apartments, LLC,** )<br>                                                                 )<br>         **Defendants.**                             )| |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANTS BROOKLYN PLACE TIC I, LLC THROUGH
<u>BROOKLYN PLACE TIC XXIX, LLC</u>**

Defendants, Brooklyn Place TIC I, LLC through Brooklyn Place TIC XXIX, LLC (collectively "BPTIC"), by counsel, submit this memorandum in support of their Motion to Dismiss pursuant to Federal Rule of Procedure 12(b)(6).

## I. Introduction

Plaintiffs filed their Amended Complaint on May 10, 2011 ("Amended Complaint") claiming, among other things, that BPTIC, as owners of the Brooklyn Place Apartments, violated the Fair Housing Act, 42 U.S.C. § 3601-3619 ("FHA"). Specifically, Plaintiffs claim that BPTIC has "made dwellings unavailable to and discriminated in the provision of services and facilities against people with disabilities in violation of 42 U.S.C. § 3604(f)(1)-(2)." (Amended Complaint, ¶ 53). Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted under the FHA against BPTIC.

BPTIC neither designed, nor constructed, the property in question. Indeed, Plaintiffs do not bring a "design and construct" claim under the FHA against BPTIC. Nonetheless, Plaintiffs' Amended Complaint attempts to bootstrap specific "design and construct" allegations regarding the Brooklyn Place Apartments to its "discrimination" claim against BPTIC. Otherwise put, Plaintiffs' Amended Complaint simply claims that because BPTIC's Brooklyn Place Apartments allegedly contain "design and construct" deficiencies under the FHA, BPTIC has discriminated against disabled individuals in violation of 42 U.S.C. § 3604(f)(1)-(2). Plaintiffs' Amended Complaint brings this claim without identifying any specific disabled individual who faced such alleged discrimination, or any specific instance of such alleged discriminatory conduct. Such artful pleading on Plaintiffs' part is insufficient to state a claim upon which relief can be granted under the FHA against BPTIC.

Accordingly, BPTIC's motion to dismiss should be granted and BPTIC should be dismissed from the Amended Complaint.

## II. Standard

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, an action may be dismissed for "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). In order to survive a Rule 12(b)(6) motion, the Amended Complaint must provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and through [its] allegations, show that it is plausible, rather than merely speculative, that [plaintiff] is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008); see also *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

For purposes of a Rule 12(b)(6) motion to dismiss, the Court must accept as true all well-pleaded facts and draw all permissible inferences in the non-moving party's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950-51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting FED.R.CIV.P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 1940.

In the present matter, the Amended Complaint fails to plead any factual content which allows this Court or BPTIC to draw any reasonable inference that the BPTIC is liable for the

alleged violations of the FHA. Accordingly, the FHA claims against BPTIC in the Amended Complaint should be dismissed.

### III. Factual Allegations

According to the Amended Complaint, BPTIC:

> Became the owners of the Brooklyn Place Apartments at 6830 Brooklyn Court, Evansville, Indiana 47715 on or about April 25, 2005. As the owners of Brooklyn Place Apartments, they are responsible for leasing of dwellings at Brooklyn Place Apartments in a manner that complies with the FHAA. As current owners, they are also necessary parties for the relief sought by Plaintiffs.

(Amended Complaint, ¶ 20). Further, according to the Amended Complaint, the Brooklyn Place Apartments have "features that do not comply with 42 U.S.C. § 3604(f)(3)(C)," including those described in paragraphs 50 through 55 of the Amended Complaint. (Amended Complaint, ¶ 49). BPTIC, as alleged in the Amended Complaint, "either has knowledge of these deficits [sic] or has had sufficient time to discover and correct them and has not done so. Rather, [BPTIC has] continued to rent covered units with common use areas with features that are inaccessible to people with physical disabilities." (Amended Complaint, ¶ 49). The Amended Complaint concludes that "by continuing to rent covered dwelling units without correcting these features, [BPTIC has] made dwellings unavailable to and discriminated in the provision of services and facilities against people with disabilities in violation of 42 U.S.C. § 3604(f)(1)-(2)." (Amended Complaint, ¶ 53).

Supported by these allegations alone, Plaintiffs bring the following claim under 42 U.S.C. § 3604(f)(1)-(2) against BPTIC:

> Through the actions and inactions described in paragraph 67 above, [BPTIC has]:
> a. discriminated in the rental of, or otherwise made unavailable, or denied dwellings to people because of their disabilities in violation of the FHAA, 42 U.S.C. § 3604(f)(1); and
> b. discriminated against people with disabilities in the terms, conditions, or privileges of rental of a dwelling, or in the provision

>of services or facilities in connection with the rental of a dwelling in violation of the FHAA, 42 U.S.C. § 3604(f)(2).

(Amended Complaint, ¶ 68). To remedy this claim, Plaintiffs seek injunctive relief, compensatory and punitive damages, attorney's fees, and costs from BPTIC. (Amended Complaint, Prayer for Relief).

### IV.   Analysis

As admitted in the Amended Complaint, BPTIC did not design or construct the Brooklyn Place Apartments. (Amended Complaint, ¶ 20). Indeed, Plaintiffs do not bring an FHA "design and construct" claim under 42 U.S.C. § 3604(f)(3)(C) against BPTIC in the Amended Complaint.[1] (See Amended Complaint). Plaintiffs reserve their "design and construct" claims for BPTIC's co-defendants, identified as "Design/Build Defendants." (See Amended Complaint, ¶¶ 64 – 66).

Plaintiffs bring only an FHA "discrimination" claim under 42 U.S.C. § 3604(f)(1)-(2) against BPTIC. (Amended Complaint, ¶ 68). The FHA makes it unlawful:

>(1)  To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of –
>(A) that buyer or renter,
>(B) a person residing in or intending to reside in that dwelling after it is sold, rented, or made available; or
>(C) any person associated with that buyer or renter.
>
>or
>
>(2)  To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of –
>(A) that person; or

---

[1] Plaintiffs are also time barred from bringing a "design and construct" claim against BPTIC. The Complaint admits that BPTIC did not take ownership of the Brooklyn Place Apartments until April 25, 2005, outside the FHA's two (2) year statute of limitations. (Complaint, ¶ 20); 42 U.S.C. § 3613(a)(1)(A); see *Silver State Fair Housing Council, Inc. v. ERGS, Inc., et al.*, 362 F.Supp.2d 1218 (D. Nev. 2005); see also *Garcia v. Brockway*, 526 F.3d 456, 461 (9th Cir. 2008) (en banc) ("the statute of limitations is … triggered at the conclusion of the design-and-construction phase, which occurs on the date the last certificate of occupancy is issued.").

      (B) a person residing in or intending to reside in that dwelling after
      it is so sold, rented, or made available, or
      (C) any person associated with that person.

42 U.S.C. § 3604(f)(1)-(2). In support of this FHA "discrimination" claim, Plaintiffs' Amended Complaint alleges that the Brooklyn Place Apartments have "features that do not comply with 42 U.S.C. § 3604(f)(3)(C)." (Amended Complaint, ¶ 49, see also Amended Complaint, ¶¶ 53, 67 and 68). Based on these allegations alone, Plaintiffs' Amended Complaint concludes that "by continuing to rent covered dwelling units without correcting these features, [BPTIC has] made dwellings unavailable to and discriminated in the provision of services and facilities against people with disabilities in violation of 42 U.S.C. § 3604(f)(1)-(2)." (Amended Complaint, ¶ 53). However, nowhere in the Amended Complaint do Plaintiffs identify any specific disabled individual who faced such alleged discrimination, or any specific instance of such alleged discriminatory conduct. (See Amended Complaint).

  More specifically, the Amended Complaint is devoid of any allegation that BPTIC refused to rent, made unavailable, or denied a unit at the Brooklyn Place Apartments to any disabled individual. (See Amended Complaint). The Amended Complaint is also devoid of any allegation that BPTIC discriminated against any individual with a disability in the terms, conditions, or privileges of renting a unit at the Brooklyn Place Apartments, or discriminated against any disabled individual in the provision of services or facilities in connection with the rental of a unit at the Brooklyn Place Apartments. (See Amended Complaint). Indeed, the only contact Plaintiffs allege to have had with the Brooklyn Place Apartments was a visit in 2008, in which Plaintiffs did nothing more than identify "multiple FHAA design and construction violations." (Amended Complaint, ¶ 37). Clearly, if such "testers" encountered any "discrimination" as defined by the FHA, Plaintiffs would have (should have) pled such facts.

Thus, the Amended Complaint contains nothing more than a "formulaic recitation of the elements" to support Plaintiffs' 42 U.S.C. § 3604(f)(1)-(2) claim against BPTIC. See *Iqbal*, 129 S.Ct. at 1951 (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Such allegations are not entitled to the assumption of truth for purposes of a motion to dismiss. *Id.* Accordingly, with no "further factual enhancement" in support, the Amended Complaint's mere "legal conclusions" and "naked assertions" do not state a "discrimination" claim upon which relief can be granted under the FHA against BPTIC. *Iqbal*, 129 S.Ct. at 1949-50 (citing *Twombly*, 550 U.S. at 556-57) ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'").

The Amended Complaint simply fails to identify the basic factual background of the alleged "discrimination" perpetrated by BPTIC in violation of the FHA. Rather, the Amended Complaint attempts to bootstrap certain "design and construct" allegations regarding the Brooklyn Place Apartments to its "discrimination" claim against BPTIC. Such artful pleading should be rejected. Any argument by Plaintiffs that the Amended Complaint's allegations of 42 U.S.C. § 3604(f)(3)(C) violations at the Brooklyn Place Apartments satisfy the "discrimination" pleading requirements of its 42 U.S.C. § 3604(f)(1)-(2) claim against BPTIC is without merit. Even if § 3604(f)(3)(C) could be read as generally defining "discrimination," without allegations identifying the adversely affected disabled individual or specific instance(s) of discrimination (as detailed above), Plaintiffs' allegations of § 3604(f)(3)(C) violations cannot support a claim under § 3604(f)(1)-(2) against BPTIC. See *Iqbal*, 129 S.Ct. at 1949-50 (citing *Twombly*, 550 U.S. at 556-57).

Therefore, the Amended Complaint fails to state a claim upon which relief can be granted for purposes of surviving a Rule 12(b)(6) motion to dismiss.

## V.     Conclusion

For the foregoing reasons, BPTIC respectfully requests that the Court grant their motion to dismiss and dismiss BPTIC from the Amended Complaint.

Respectfully submitted,

s/ Andrew W. Gruber
Andrew W. Gruber, #21654-49
Casey J. Eckert, #27092-53
BINGHAM MCHALE LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN  46204-4900
Phone: (317) 635-8900
FAX:   (317) 236-9907
Email:  agruber@binghammchale.com
            ceckert@binghammchale.com

*Attorneys for Defendants,*
*Brooklyn Place TIC I, LLC through*
*Brooklyn Place TIC XXIX, LLC*

**CERTIFICATE OF SERVICE**

I hereby certified that on May 19, 2011, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

John William Emry, Jr.
John Emry Law
62 W. Jefferson Street
Franklin, IN  46131
johnemrylaw@att.net

Michael Allen
Stephen Dane
Thomas J. Keary
Relman, Dane & Colfax, PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C.  20036
mallen@relmanlaw.com
sdane@relmanlaw.com
tkeary@relmanlaw.com

John C. Trimble
Theresa R. Parish
Stephanie L. Cassman
LEWIS & WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN  46202-3199
jtrimble@lewiswagner.com
tparish@lewiswagner.com
scassman@lewiswagner.com

Charles F.G. Parkinson
HARRIS WELSH & LUKMANN
107 Broadway
Chesterton, IN  46304
219-926-2114
219-926-1503 FAX
cparkinson@hwllaw.com

David K. Herzog
Paul A. Wolfla
Harmony A. Mappes
BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
david.herzog@bakerd.com
paul.wolfla@bakerd.com
harmony.mappes@bakerd.com

s/ Andrew W. Gruber
Andrew W. Gruber, #21654-49
BINGHAM MCHALE LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN  46204-4900
Phone: (317) 635-8900
FAX:   (317) 236-9907
Email: agruber@binghammchale.com