UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NATIONAL FAIR HOUSING | ) | |
| ALLIANCE, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 10-cv-0993-RLY-DML |
| | ) | |
| S.C. BODNER COMPANY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF CROSS LAKE APARTMENTS LLC's
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Cross Lake Apartments, LLC ("Cross Lake") by counsel, submits this

Memorandum in support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6):

Plaintiffs filed their Amended Complaint on May 10, 2011 against three categories of

Defendants, "Design Build Defendants"; "Owner Defendants"; and "Remedial Defendants."

Defendant Cross Lake is named as a "Remedial Defendant."  Plaintiffs' Complaint fails to state a

claim upon which relief may be granted against Cross Lake as a so-called "Remedial

Defendants."  Plaintiff does not allege that Cross Lake designed or constructed the Cross Lake

apartments.  Plaintiffs' sole allegation against Cross Lake is that "on information and belief," its

property shares "common design features with the tested apartment complexes and Plaintiffs

*have reason to believe* that similar FHAA accessibility violations may exist" at Cross Lake's

property.  (emphasis added)   Plaintiffs do not allege that Defendant Cross Lake violated the Fair

Housing Act or that any acts of Cross Lake caused any injury to the Plaintiffs.  Moreover, Cross

Lake is not named as a defendant in either Plaintiffs' First Cause of Action or Plaintiffs' Second

Causes of Action for violations of the Fair Housing Act. Rather, Plaintiffs seek an Order enjoining Cross Lake from failing or refusing to permit the survey of any of their covered properties that were designed and/or built by the Bodner Defendants and any retrofits ordered by the Court to be made at such property, to comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court, and to perform or allow such other acts as may be necessary to effectuate any judgment against the Design/Build Defendants.

Defendant Cross Lake submits that in the absence of any factual allegations against Defendant Cross Lake, Plaintiffs' Amended Complaint against Cross Lake fails to state a claim upon which relief may be granted. A plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" and "fair notice" of the plaintiff's claims and the basis for those claims. Fed.R.Civ.P. 8(a)(2). Further, pursuant to Rule 12(b)(6) an action may be dismissed if it fails to state a claim upon which relief can be granted. In order to survive a Rule 12(b)(6) motion to dismiss, Plaintiffs' Amended Complaint must contain "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Ashcroft v. Iqbal*, 566 U.S. __, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) The Amended Complaint must show that it is plausible rather than merely speculative that plaintiff is entitled to relief. *Id.* It is well settled that this Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Id*. The factual allegations of the complaint must move the claims from conceivable to plausible. *Id.* at 1950-51.

Conspicuously absent from the Amended Complaint are any facts which would allow this Court to conclude that it is plausible, rather than merely speculative, that Plaintiffs are entitled to

any relief from this Defendant Cross Lake. Plaintiffs merely allege that they have tested other properties and that *other* properties have features that do not comply with the Fair Housing Act. Plaintiffs should not be permitted to bootstrap a cause of action against Cross Lake based on the theory that Cross Lake's properties might possibly be in violation of the FHA and that therefore, the Design Build Defendants might have to come in and remedy the alleged violations. Such a speculative set of facts does not give rise to a present cause of action. Merely asserting that Cross Lake is an indispensable party does not make it so, based solely on Plaintiffs' alleged "reason to believe that" that accessibility violations may exist. The Amended Complaint in this case is a prime example of a complaint that does not permit the court to "infer more than the mere possibility of misconduct." *Id.* at 1950. Plaintiffs have not "nudged their claims across the line from conceivable to plausible" and therefore their purported claims against Cross Lake should be dismissed. *Id*.

For the foregoing reasons, Defendant Cross Lake Apartments LLC prays that Plaintiffs' Amended Complaint be dismissed at Plaintiffs' costs.

Respectfully submitted,

GOFFSTEIN, RASKAS, POMERANTZ,
KRAUS & SHERMAN, L.L.C.


By: /s/ Lori R. Koch
    LORI R. KOCH
    lkoch@grlawstl.com
    7701 Clayton Road
    St. Louis, Missouri 63117-1371
    (314) 721-7171 - Telephone
    (314) 721-7765 - Facsimile
    *Attorneys for Defendant Cross Lake*
    *Apartments, LLC*
    *Admitted Pro Hac Vice*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing has been filed with the Clerk of Court electronically on May 20, 2011 and notice of this filing sent to the following parties via the court's electronic filing system:

| | |
|---|---|
| David K. Herzog<br>Harmony A. Mappes<br>Paul A. Wolfla<br>BAKER & DANIELS<br>300 N. Meridian, Ste. 2700<br>Indianapolis, IN 46204<br>Email: david.herzog@bakerd.com<br>    harmony.mappes@bakerd.com<br>    paul.wolfla@bakerd.com | Andrew W. Gruber<br>Casey Jo Eckert<br>BINGHAM McHALE, LLP<br>2700 Market Tower<br>10 West Market Street<br>Indianapolis, IN 46204<br>Email: agruber@binghammchale.com<br>    cecker@binghammchale.com |
| John Carl Trimble<br>Stephanie Lynn Cassman<br>Theresa Renee Parish<br>LEWIS WAGNER, LLP<br>501 Indiana Avenue, Ste. 200<br>Indianapolis, IN 46202<br>Email: jtrimble@lewiswagner.com<br>    scassman@lewiswagner.com<br>    tparish@lewiswagner.com | John J. Jewell<br>TRIMBLE & JEWELL, PC<br>PO Box 1107<br>706 Court Street<br>Evansville, IN 47706-1107<br>Email: jewell@evansville.net |
| Charles F.G. Parkinson<br>HARRIS, WELSH & LUKMANN<br>107 Broadway<br>Chesterton, IN 46304<br>Email: cparkinson@hwllaw.com | Christopher D. Oakes<br>COX, OAKES & ASSOCIATES, LTD.<br>1051 Perimeter Drive, Ste. 550<br>Schaumburg, IL 60173<br>Email: cdoakes@coxattorneys.com |
| John William Emry, Jr.<br>62 West Jefferson Street<br>Franklin, IN 46131-2311<br>Email: johnemrylaw@att.net | Michael Allen<br>Stephen Dane<br>Thomas J. Keary<br>RELMAN, DANE & COLFAX, PLLC<br>1225 19th Street, N.W., Ste. 600<br>Washington, DC 20036-2456<br>Email: mallen@relmanlaw.com<br>    sdane@relmanlaw.com<br>    tkeary@relmanlaw.com |

/s/ Lori R. Koch