**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **National Fair Housing Alliance, Inc.; Savannah-Chatham County Fair Housing Council, Inc.; and Metro Fair Housing Services, Inc.,** | ) | |
| **Plaintiffs,** | ) | **CASE NO. 1:10-CV-0993-RLY-DML** |
| **v.** | ) | |
| **S.C. Bodner Company, Inc.; MBA Construction, LLC; Steven C. Bodner; Retreat Apartments of Mobile, LLC; Huntsville Main Street Apartments LLC; Mountain Ranch Apartments LLC; Village at Rice Hope Apartments, LLC; Pavilion Apartments at Plantation Way LLC; LBM Realty, LLC; Spring Lake Apartments at Limited Partnership; Brooklyn Place TIC I, LLC; Brooklyn Place TIC II, LLC; Brooklyn Place TIC III, LLC; Brooklyn Place TIC IV, LLC; Brooklyn Place TIC V, LLC; Brooklyn Place TIC VI, LLC; Brooklyn Place TIC VII, LLC; Brooklyn Place TIC VIII, LLC; Brooklyn Place TIC IX, LLC; Brooklyn Place TIC X, LLC; Brooklyn Place TIC XI, LLC; Brooklyn Place TIC XII, LLC; Brooklyn Place TIC XIII, LLC; Brooklyn Place TIC XIV, LLC; Brooklyn Place TIC XV, LLC; Brooklyn Place TIC XVI, LLC; Brooklyn Place TIC XVII, LLC; Brooklyn Place TIC XVIII, LLC; Brooklyn Place TIC XIX, LLC; Brooklyn Place TIC XX, LLC; Brooklyn Place TIC XXI, LLC; Brooklyn Place TIC XXII, LLC; Brooklyn Place TIC XXIII, LLC; Brooklyn Place TIC XXIV, LLC; Brooklyn Place TIC XXV, LLC; Brooklyn Place TIC XXVI, LLC; Brooklyn Place TIC XXVII, LLC; Brooklyn Place TIC XXVIII, LLC; Brooklyn Place TIC XXIX, LLC; Reserve Apartments, LLC; Cross Lake Apartments, LLC; Twin Creek Apartments, LLC; Whispering Ridge Apartments LLC; Mountaineer Place Apartments, LLC ; Village at Quail Springs Apartments, LLC; Morgan Overlook Apartments LLC; Morgan Crescent at Wolfchase Apartments, LLC,** | ) | |
| **Defendants.** | ) | |

REPLY IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANTS BROOKLYN PLACE TIC I, LLC THROUGH
BROOKLYN PLACE TIC XXIX, LLC

Defendants, Brooklyn Place TIC I, LLC through Brooklyn Place TIC XXIX, LLC (collectively "BPTIC"), by counsel, submit this reply in support of their Motion to Dismiss pursuant to Federal Rule of Procedure 12(b)(6).

## I. Introduction

Plaintiffs filed their Amended Complaint on June 1, 2011 ("Amended Complaint") claiming, among other things, that BPTIC, as owners of the Brooklyn Place Apartments, violated the Fair Housing Act, 42 U.S.C. § 3601-3619 ("FHA"). BPTIC moved to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Procedure 12(b)(6). BPTIC's motion focused on the fact that the Amended Complaint was devoid of any allegation that BPTIC refused to rent, made unavailable, or denied a unit at the Brooklyn Place Apartments to any disabled individual in violation of 42 U.S.C. § 3604(f)(1)-(2). Thus, Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted under the FHA against BPTIC. See *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008); see also *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Plaintiffs responded to BPTIC's motion arguing that the facts alleged in their Amended Complaint – which were limited to allegations of observing "design and construct" deficiencies at the Brooklyn Place Apartments in violation of 42 U.S.C. § 3604(f)(3)(C) – are sufficient to sustain a "discrimination" claim against BPTIC under § 3604(f)(1)-(2). Plaintiffs' arguments are based upon a theory of "observational discrimination" – the concept that the mere observation of an alleged § 3604(f)(3)(C) deficiency allows for a discrimination claim under § 3604(f)(2). Such theory has had limited use, and is not formally recognized outside of the Ninth Circuit. A review of the case law, including those cases in the Seventh Circuit, shows that to sustain a § 3604(f)(1)-

(2) discrimination claim, there must be some underlying affirmative act of discrimination on the part of the defendant – something more than simple observation of § 3604(f)(3)(C) deficiencies.

In all of Plaintiffs' twenty-seven page response, Plaintiffs fail to identify even one instance in which BPTIC took any action in refusing to rent, making unavailable, or denying a unit at the Brooklyn Place Apartments to any disabled individual. (See Response). Plaintiffs assert that they do not need to identify specific individuals or instances of discrimination to state a claim under the FHA, rather, Plaintiffs claim that identifying a discriminatory policy set forth by BPTIC is sufficient. To support this argument, Plaintiffs allege, without any supporting caselaw, that [BPTIC's] continuing rental of units with overtly discriminatory architectural features constitutes a policy of discrimination. (See Response, p. 26).

Moreover, Plaintiffs' response suggests that BPTIC is simply seeking to "immunize [itself] from any liability" under the FHA by furthering this argument in its motion. (See Response, p. 11). Nothing is further from the truth. BPTIC did not violate the FHA. That being said, BPTIC's motion to dismiss is not a "technical" attempt to "avoid" liability under the FHA. (See Response, p. 17). As required by the pleading standards set forth in *Ashcroft v. Iqbal* (and its Seventh Circuit progeny), BPTIC is simply requesting that Plaintiffs identify a necessary allegation of FHA disability discrimination on the part of BPTIC so that BPTIC may proceed with an orderly disposition of the claims brought against it. To allow Plaintiffs to proceed otherwise would effectively reduce BPTIC (as an "owner-defendant") to defend a "concept," or an "idea," of discrimination without any underlying allegation to discover, determine, and refute.

As Plaintiffs' response correctly points out, the Seventh Circuit, in applying the "plausibility standard" of *Iqbal*, concluded that "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen." Citing *Swanson v. Citibank,*

*N.A., et al.*, 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original). Yet, what Plaintiffs' response fails to acknowledge, and what is at issue in BPTIC's motion to dismiss, is the Seventh Circuit's qualification that "as the Supreme Court warned in *Iqbal* and as we acknowledged later in *Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009), 'abstract recitations of the elements of a cause of action or conclusory legal statements,' do nothing to distinguish the particular case that is before the court from every other hypothetically possible case in that field of law. Such statements therefore do not add to the notice that [Fed.R.Civ.P.] 8 demands." *Swanson*, 614 F.3d at 405.

Accordingly, as set forth in BPTIC's motion to dismiss and as supported below, Plaintiffs' Amended Complaint fails to plead any factual content which allows this Court (or BPTIC) to draw any reasonable inference that the BPTIC is liable for the alleged § 3604(f)(1)-(2) discrimination violations of the FHA. Thus, the FHA claims against BPTIC in the Amended Complaint should be dismissed.

## II. Reply

Setting apart Plaintiffs' recitation of the history and statutory construction of the FHA, Plaintiffs' argument in response to BPTIC's motion to dismiss focuses on the theory of "observational discrimination" – that by alleging simple observations of § 3604(f)(3)(C) violations at the Brooklyn Place Apartments, Plaintiffs may bring a § 3604(f)(1)-(2) discrimination claim against the owner, BPTIC. In support of this argument, Plaintiffs rely on the many cases providing organizational standing in FHA claims. However, BPTIC does not directly challenge Plaintiffs' standing in this matter. Rather, BPTIC's motion focuses on the complete lack of any allegation in the Amended Complaint that BPTIC refused to rent, made unavailable, or denied a unit at the Brooklyn Place Apartments to any disabled individual.

Plaintiffs cite to *Smith, et al. v. Pacific Properties and Development Corp.*, 358 F.3d 1097 (9th Cir. 2004) in support of their "observational discrimination" theory. In *Smith*, the

Ninth Circuit held that an aggrieved person – including an organizational tester – would not need to solicit tenancy (or otherwise experience an affirmative act of discrimination by the defendant), but merely observe a § 3604(f)(3)(C) violation, to sustain a discrimination claim under § 3604(f)(2).[1] See *Smith*, 358 F.3d at 1103-04.

The *Smith* ruling stands alone, with no recognition of its "observational discrimination" theory outside of the Ninth Circuit. Indeed, a review of the case law cited by Plaintiffs on response shows that in each matter the defendant engaged in some alleged affirmative conduct of discrimination to sustain an FHA claim (even in those matters in which organizational standing to correct such discrimination was upheld):

- *NAACP, et al. v. American Family Mutual Insurance Co.*, 978 F.2d 287, 290 (7th Cir. 1992): Plaintiffs alleged that defendant affirmatively "red-lined" predominately African-American residential areas, leading to the discriminatory denial of housing insurance;

- *Village of Bellwood, et al. v. Dwivedi, et al.*, 895 F.2d 1521, 1525 (7th Cir. 1990): Plaintiffs alleged that defendants affirmatively steered African-Americans away from predominately white residential areas, discriminating against them;

- *Fair Housing Council, Inc., et al. v. Village of Olde St. Andrews, Inc., et al.*, 210 Fed.Appx. 469, 478 (6th Cir. 2006): In allowing FHA claim to continue, court noted that the organizational plaintiff's injury was "**directly traceable** to the Defendants' construction of the housing development in a manner resulting in discrimination toward disabled individuals." (emphasis added);

- *Cntrl. Alabama Fair Housing Center, Inc. v. Lowder*, 236 F.3d 629, 632 (11th Cir. 2000): Plaintiff alleged that defendant intentionally steered African-Americans away from predominately white neighborhoods.

- *City of Chicago, et al. v. Matchmaker Real Estate Sales Center, Inc., et al.*, 982 F.2d 1086, 1089-90 (7th Cir. 1992): Plaintiffs alleged that defendants engaged in affirmative acts of racial steering;

- *Access Living of Metropolitan Chicago, et al. v. Chicago Transit Authority*, 2001 WL 492473, *1 (N.D. Ill. May 9, 2001): Plaintiffs alleged that

---

[1] Although it is not completely dispositive, it is of note that *Smith* found observational discrimination only under § 3604(f)(2), not § 3604(f)(1).

defendant's conduct resulted in "disabled riders being stranded, ignored, and injured while riding" defendant's transit system – a non-FHA case;

- *United States of America v. Shanrie Co., Inc., et al.*, 2007 U.S. Dist LEXIS 23587, *2-3 (S.D. Ill. March 30, 2007): Plaintiff alleged that defendants designed or constructed, in some fashion, the non-compliant apartment complex in question;

- *Kuchmas, et al. v. Towson University, et al.*, 553 F. Supp.2d 556, 558-59 (D. MD. 2008): Individual plaintiff alleged that he was subject to defendants' specific denials of an accessible dorm room and necessary accommodations to available rooms; and

- *HUD v. George*, Fair Housing-Fair Lending Reporter, ¶ 25,010, at 25,157 (HUD ALK 1991) (opinion appended to Response): Respondents actively refused to sell real estate to complainants because complainants intended to use the property to house disabled individuals.

In each of the noted cases highlighted above, the defendant was alleged to have engaged in some affirmative conduct of discrimination to sustain an FHA claim. By contrast, in the present Amended Complaint, Plaintiffs allege that their "testers," during a 2008 visit, simply observed "multiple FHAA design and construction violations." (Complaint, ¶ 37). There is no allegation that such testers, or any disabled individual, encountered any affirmative act of "discrimination" on the part of BPTIC. Thus, the Amended Complaint does not contain the necessary allegations of discrimination on the part of BPTIC to sustain a § 3604(f)(1)-(2) claim.[2]

Because Plaintiffs are unable to identify even one instance in which BPTIC took any action in refusing to rent, making unavailable, or denying a unit at the Brooklyn Place Apartments to any disabled individual, Plaintiffs attempt to argue that BPTIC maintains a discriminatory policy. Plaintiffs assert that BPTIC's alleged continuing rental of units with overtly discriminatory architectural features constitutes a policy of discrimination. However,

[2] The *Smith* case only found observational discrimination against the design/build defendant, not necessarily the owner defendant (such as BPTIC in this matter). Thus, it is important to note that the *Smith* defendant engaged in the affirmative act to design and build a non-FHA compliant property, which the organizational plaintiff was able to extrapolate into a § 3604(f)(2) discrimination claim. In this matter, BPTIC neither designed nor built the Brooklyn Place Apartments (Amended Complaint, ¶ 20), furthering the rationale that BPTIC has not been alleged to have engaged in any discriminatory conduct necessary to sustain the § 3604(f)(1)-(2) discrimination claims against it.

Plaintiffs did not allege the existence of a discriminatory policy by BPTIC in the Amended Complaint. Moreover, even if the Amended Complaint had included such an allegation, Plaintiffs offer no caselaw specifically supporting the assertion that BPTIC's alleged conduct constitutes a policy of discrimination.

Plaintiffs' response suggests that BPTIC's position in this case would result in disabled individuals having no recourse in the event an apartment owner, who did not design or construct the apartment, rents non-accessible apartment units while the builder of the apartments has been dissolved (negating any § 3604(f)(3)(C) against such builders). Plaintiffs' hypothetical is simply without merit – in the event the owner refused to rent, made unavailable, or denied a unit to an disabled individual, that individual, or an organization representing such individual or tester, would have an available remedy under § 3604(f)(1)-(2). Without such allegation, however, Plaintiffs' hypothetical falls apart – under the same circumstances, it is entirely possible that the apartment has no vacancies, or that the owner has accommodated disabled individuals, making it **impossible** for the owner to "discriminate" against disabled individuals under § 3604(f)(1)-(2).

Accordingly, without having to make any allegation that BPTIC took any steps in refusing to rent, making unavailable, or denying a Brooklyn Place Apartment unit to a disabled individual, Plaintiffs' Amended Complaint fails to state a claim under § 3604(f)(1)-(2) upon which relief may be granted. To hold otherwise would reduce BPTIC to defend the "concept," or "idea," of discrimination without the ability to discover, determine, and refute any act that it allegedly took. Thus, the FHA claims against BPTIC in the Amended Complaint should be dismissed.[3]

[3] Plaintiffs' response argues, in a footnote, that if their FHA claims against BPTIC are dismissed, BPTIC should remain as a necessary party in this action under Fed.R.Civ.P. 19 – BPTIC will make the Brooklyn Place Apartments available for any remedial construction imposed upon the design build defendants in this case, and such willingness should negate the need to force BPTIC to remain in the litigation.

## III. Conclusion

For the foregoing reasons, BPTIC respectfully requests that the Court grant their motion to dismiss and dismiss BPTIC from the Amended Complaint.

Respectfully submitted,

s/ Andrew W. Gruber
Andrew W. Gruber, #21654-49
Casey J. Eckert, #27092-53
BINGHAM MCHALE LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204-4900
Phone: (317) 635-8900
FAX: (317) 236-9907
Email: agruber@binghammchale.com
ceckert@binghammchale.com

*Attorneys for Defendants,*
*Brooklyn Place TIC I, LLC through*
*Brooklyn Place TIC XXIX, LLC*

**CERTIFICATE OF SERVICE**

I hereby certified that on June 13, 2011, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

John William Emry, Jr.
John Emry Law
62 W. Jefferson Street
Franklin, IN 46131
johnemrylaw@att.net

Charles F.G. Parkinson
HARRIS WELSH & LUKMANN
107 Broadway
Chesterton, IN 46304
219-926-2114
219-926-1503 FAX
cparkinson@hwllaw.com

Michael Allen
Stephen Dane
Thomas J. Keary
Relman, Dane & Colfax, PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036
mallen@relmanlaw.com
sdane@relmanlaw.com
tkeary@relmanlaw.com

David K. Herzog
Paul A. Wolfla
Harmony A. Mappes
BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
david.herzog@bakerd.com
paul.wolfla@bakerd.com
harmony.mappes@bakerd.com

John C. Trimble
Theresa R. Parish
Stephanie L. Cassman
LEWIS & WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202-3199
jtrimble@lewiswagner.com
tparish@lewiswagner.com
scassman@lewiswagner.com

s/ Andrew W. Gruber
Andrew W. Gruber, #21654-49
BINGHAM MCHALE LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204-4900
Phone: (317) 635-8900
FAX: (317) 236-9907
Email: agruber@binghammchale.com