UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| National Fair Housing Alliance, Inc.; Savannah-Chatman County Fair Housing Council, Inc; and Metro Fair Housing Services, Inc. <br>  Plaintiffs, <br><br> v. <br><br> S. C. Bodner Company, Inc.; MBA Construction, LLC; Steven C. Bodner; Retreat Apartments of Mobile LLC; Hunstville Main Street Apartments LLC; Mountain Ranch Apartments LLC; Village Rice Hope Apartments, LLC; Pavilion Apartments at Plantation Way LLC; LBM Realty, LLC; Spring Lake Apartments Limited Partnership; Brooklyn Place TIC I-XXIX, LLC; Reserve Apartments, LLC; Cross Lake Apartments, LLC; Twin Creek Apartments, LLC; Whispering Ridge Apartments, LLC; Mountaineer Place Apartments, LLC; Village at Quail Springs Apartments, LLC; Morgan Overlook Apartments, LLC; and Morgan Crescent at Wolfchase, LLC; <br>  Defendants. | CAUSE NO. 1:10-cv-00993-RLY-DML |

**DEFENDANTS, MORGAN OVERLOOK APARTMENTS LLC, MORGAN CRESCENT AT WOLFCHASE, LLC, AND HUNTSVILLE MAIN STREET APARTMENTS LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendants, Morgan Overlook Apartments LLC ("Morgan Overlook"), Morgan Crescent at Wolfchase, LLC ("Morgan Crescent") and Huntsville Main Street Apartments LLC ("Huntsville") (hereinafter collectively "Defendants"), by counsel, submit this Reply in support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

### I.   Introduction

Plaintiffs filed their Amended Complaint alleging that Morgan Overlook and Morgan Crescent have "made dwellings unavailable to and discriminated in the provision of services and

1

facilities against people with disabilities in violation of 42 U.S.C. § 3604(f)(1)-(2)." *See* Amended Complaint, ¶¶ 54-55.  Plaintiffs merely identify Huntsville as an owner of a property that might have similar FHA accessibility violations. *Id.* at ¶¶ 8 and 24.  Defendants moved to dismiss Plaintiffs' Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  The basis of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for Failure to State a Claim ("Motion to Dismiss") is that Plaintiffs failed to state any allegations that Defendants refused to rent, made unavailable, or denied a unit at Defendants' premises to any disabled individual in violation of the FHA under 42 U.S.C. § 3604(f)(1)-(2).  Accordingly, Plaintiffs' Amended Complaint is insufficient to state a claim upon which relief can be granted under the FHA against Defendants. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Plaintiffs' thirty-one page response fails to identify one instance in which Defendants refused to rent, made unavailable, or denied a unit at Defendants' premises to any disabled individual.  The allegations in Plaintiffs' Amended Complaint demonstrate that Defendants did not violate the FHA.  Thus, Defendants' Motion to Dismiss is not a "technical" attempt to "avoid liability" under the FHA. *See* Plaintiffs' Response, p. 17.  As required by the Federal Rules of Trial Procedure and *Ashcroft v. Iqbal*, Defendants are merely requesting that Plaintiffs identify an allegation of FHA disability discrimination on the part of Defendants so that Defendants may proceed with formulating a defense and disposition of the claims brought against them. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  To permit Plaintiffs to proceed without identifying an allegation of FHA disability discrimination would essentially require Defendants to defend an "idea' or "concept" of discrimination without any factual allegations to discover, determine, and

refute.

Plaintiffs concede that pursuant to *Iqbal*, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *See* Plaintiffs' Response, p. 3. "In another words, the court will ask itself *could* these things have happened, not *did* they happen." *Id.* However, Plaintiffs fail to realize that "abstract recitations of the elements of a cause of action or conclusory legal statements … do nothing to distinguish the particular case that is before the court from every other hypothetically possible case in that field of law. Such statements therefore do not add to the notice that [Fed. R. Civ. P.] 8 demands." *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) (citation omitted).

Plaintiffs responded to Defendants' Motion to Dismiss arguing that Plaintiffs' Amended Complaint states a claim for relief under 42 U.S.C. § 3604(f)(1)-(2) even though Plaintiffs do not allege a specific affected individual or instance of discrimination. Stated differently, Plaintiffs claim that the mere observation of "design and construct" deficiencies at Defendants' premises in violation of 42 U.S.C. § 3604(f)(3)(C) are sufficient to sustain a discrimination claim under 42 U.S.C. § 3604(f)(1)-(2). Plaintiffs' theory is based upon the idea that the mere observation of an alleged "design and construct" deficiency is sufficient to maintain a discrimination claim under 42 U.S.C. § 3604(f)(1)-(2). Plaintiffs' theory has not been recognized in the Seventh Circuit. In fact, it has only been recognized as a matter of first impression in the Ninth Circuit. *See Smith v. Pacific Properties and Development Corporation*, 358 F.3d 1097, 1103 (9th Cir. 2003). A thorough review of the case law, including cases from the Seventh Circuit, demonstrates that to sustain a § 3604(f)(1)-(2) discrimination claim requires an affirmative act of discrimination on the part of the defendant, and that the mere observation of a "design and construct" deficiency is not sufficient.

Thus, Plaintiffs' Amended Complaint fails to plead any factual content which allows the Court to draw a reasonable inference that Defendants are liable for the alleged discrimination violations of the FHA. Accordingly, the FHA claims against Defendants in Plaintiffs' Amended Complaint should be dismissed for failure to state a claim.

## II.     Reply Argument

Plaintiffs' argument to avoid dismissal is unsupported by the case law cited to in their Response to Defendants' Motion to Dismiss. Specifically, Plaintiffs argue that the mere observation of "design and construct" deficiencies at Defendants' premises in violation of 42 U.S.C. § 3604(f)(3)(C) are sufficient to sustain a discrimination claim under 42 U.S.C. § 3604(f)(1)-(2) against Defendants. In support of this argument, Plaintiffs cite to numerous cases providing organizational standing in FHA claims. *See* Plaintiffs' Response, pp. 21-25. However, Defendants did not directly challenge Plaintiffs' standing in their Motion to Dismiss. Rather, Defendants' Motion to Dismiss challenges the lack of any allegation in Plaintiffs' Amended Complaint that Defendants refused to rent, made unavailable, or denied a unit at Defendants' premises to any disabled individual.

**A.     Plaintiffs' Case Law in Support of their Position that they have Stated a Claim is Distinguishable.**

The only cases cited by Plaintiffs that support their "observational discrimination" argument are *Smith v. Pacific Properties and Development Corporation*, 358 F.3d 1097, 1103 (9th Cir. 2003) and *Harding v. Orlando Apartments, LLC*, 2011 WL 1457164 (M.D. Fla. April 15, 2011).[1] In *Smith*, the Ninth Circuit held that an aggrieved person, including an organizational tester, did not need to solicit tenancy or experience an affirmative act of

---

[1] It is important to note that that these cases are not binding precedent and have not even been recognized in the Seventh Circuit. Moreover, the *Smith* case was decided as a matter of first impression in the Ninth Circuit. The *Harding* case was just recently decided, and the court specifically acknowledged "the absence of any caselaw discussing the viability of this claim." *Harding*, 2011 WL 1457164 at *4.

discrimination by the defendants. Rather, the mere observation of a "design and construct" violation was sufficient to sustain discrimination claim under 42 U.S.C. § 3604(f)(2).[2] *Id.* at 1103-04. The *Smith* case only found "observational discrimination" against the design/build defendant and not the owner defendant (such as Defendants in this case). Thus, *Smith* is distinguishable from this situation because in *Smith* the design/build defendant engaged in the affirmative act to design and build a non-FHA compliant property. In this matter, Defendants neither designed nor built Morgan Overlook, Morgan Crescent, or Huntsville, which further highlights the difference between the design/build defendant in *Smith* and Defendants in this situation. Unlike the design/built defendant in *Smith*, Defendants have not engaged in any discriminatory conduct to sustain a 42 U.S.C. § 3604(f)(1)-(2) claim against it. Further, the *Smith* ruling stands alone with no recognition of its "observational discrimination" theory outside of the Ninth Circuit and the *Harding* decision.

Similar to the *Smith* decision, in *Harding*, a district court in Florida held that an aggrieved person, including an organizational tester, did not need to experience an affirmative act of discrimination by the defendant. The plaintiff, a quadriplegic, visited the apartment for the specific purpose of testing the premises for compliance with the FHA. The plaintiff alleged in his complaint that the apartment owner violated 42 U.S.C. § 3604(f)(1)-(2) by maintaining defective conditions. The district court found that the plaintiff had stated a claim against the apartment owner under 42 U.S.C. § 3604(f)(1)-(2). *Harding* is distinguishable from this situation because in *Harding* the plaintiff, a disabled individual, visited the apartment and observed "design and construct" violations. In this case, Plaintiffs merely claim that they conducted tests at Morgan Crescent and Morgan Overlook and found violations. *See* Amended Complaint, ¶ 11. Accordingly, Plaintiffs have not identified any disabled individual who

---

[2] It is important to note that *Smith* found observational discrimination only under §3604(f)(2) and not §3604(f)(1).

experienced any alleged discrimination, which is distinguishable from the plaintiff in *Harding*.

**B.     Plaintiffs have Failed to State a Claim Based upon a Discriminatory Policy.**

Plaintiffs further claim that they do not need to identify specific individuals or instances of discrimination if the claim is based on discriminatory policy. *See* Plaintiffs' Response pp. 25-26. It is important to note that Plaintiffs have not even alleged a policy of discrimination in their Amended Complaint; rather, Plaintiff's Response merely states that "Owner Defendants' continuing rental of units with overtly discriminatory architectural features constitutes a policy of discrimination." *Id.* at 26. Further, the case law that Plaintiffs cite to support their claim of a discriminatory policy is distinguishable for the reasons that there is no openly declared policy of discrimination and there have been no admissions of a discriminatory policy.[3]

**C.     Plaintiffs have Failed to Identify Specific Individuals or Instances of Discrimination.**

A thorough review of the case law cited by Plaintiffs in their Response demonstrates that in each instance the defendant engaged in some alleged affirmative conduct of discrimination to sustain an FHA claim, which is distinguishable from the situation at issue. Plaintiffs cite to the following cases in their Response.

- *Village of Bellwood v. Dwivedi*, 895, F.2d. 1521 (7th Cir. 1990) (Plaintiffs alleged that defendants violated 42 U.S.C. §1982 and Title VIII of the Civil Rights Act by affirmatively "steering" African American home seekers away from predominately white residential areas). *See* Plaintiffs' Response, pp. 21-22, 27.

- *Fair Housing Council, Inc. v. Village of Olde St. Andrews, Inc.*, 210 Fed.Appx. 469, 478 (6th Cir. 2006) (The court specifically stated that the organization plaintiff's injury "was directly traceable to the defendants' construction of the housing development in a manner resulting in discrimination toward disabled individuals."). *See* Plaintiffs' Response, pp. 22- 23, n. 16.

---

[3] *United States v. Bd. of Educ. For the Sch. Dist. Of Phila*., 9111 F.2d 882, 892 (3rd Cir. 1990) ("proof that the policy was actually being followed consistently is not necessary" when "the allegedly discriminatory policy is openly declared-in this case it was, amongother things, published in the Pennsylvania Code…").

*United States v. Gregory*, 871 F.2d 1239, 1242-43 (4th Cir. 1989) (The Sheriff admitted that he had a policy of discriminating against women when considering them for deputy positions.).

- *Central Alabama Fair Housing Center, Inc. v. Lowder Realty Co., Inc*., 236 F.3d 629, 632 (11th Cir. 2000) (Plaintiffs alleged that defendants "intentionally steered them away from predominantly white neighborhoods and toward predominantly African-American neighborhoods."). *See* Plaintiffs' Response, p. 23.

- *City of Chicago v. Matchmaker Real Estate Sales Center, Inc.*, 982 F.2d 1086, 1096 (7th Cir. 1992) (Plaintiffs alleged that defendants engaged in affirmative acts of "steering white testers toward white areas and black testers toward black areas."). *See* Plaintiffs' Response, pp. 25, 27.

- *Access Living of Metropolitan Chicago v. Chicago Transit Authority*, 2001 WL 492473, *1 (N.D. Ill. May 9, 2001) (Plaintiffs alleged that defendants' conduct resulted in "disabled riders being stranded, ignored, and injured while riding" defendant's transit system in violation of the ADA.). *See* Plaintiffs' Response, p. 25.

- *United State of America v. Shanrie Co., Inc.* 2007 WL 980418 *1 (S.D. Ill. March 30, 2007) (Plaintiff alleged that defendants violated the FHA by failing to design and construct the apartment complexes in issue.). *See* Plaintiffs' Response, p. 17.

- *HUD v. George*, Fair Housing – Fair Lending Reporter, ¶ 25,010, at 25,157 (HUD ALJ 1991)[4] (Respondents actively refused to sell real estate to complainants because complainants intended to use the property to house disabled individuals.). *See* Plaintiffs' Response, pp. 11-12.

- *NAACP v. American Family Mutual Insurance Co.*, 978 F.2d 287, 290 (7th Cir. 1992) (Plaintiffs alleged that defendant affirmatively "red-lined" predominately African-American residential areas, which lead to the discriminatory denial of housing insurance.). *See* Plaintiffs' Response, pp. 8, 13.

- *United States v. Balistrieri*, 981 F.2d 916, 929 (7th Cir. 1992) (Plaintiff alleged that the defendants offered black testers apartments at higher rates than those offered to white testers in violation of 42 U.S.C. § 3604(d)).[5] *See* Plaintiffs' Response, p. 27.

- *Richardson v. Howard*, 712 F.2d 319, 321 (7th Cir. 1983) (Plaintiffs, two black females, were told in person that no apartments were available for rent after being told over the phone that there was availability. A white tester was told in person that there was availability.). *See* Plaintiffs' Response, p. 27.

In each of the cases mentioned above, the defendant was alleged to have engaged in affirmative conduct of discrimination to sustain an FHA claim. In contrast, in Plaintiffs'

---

[4] This opinion is attached to Plaintiffs' Appendix of Cases Not Generally Reported.

[5] 42 U.S.C. § 3604(d) states as follows: "To represent to any person because of race, color, religion, sex, handicap, familiar status, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available."

Amended Complaint, Plaintiffs allege that during a 2008 visit, their "testers" simply observed "multiple FHAA design and construction violations" at Morgan Overlook and Morgan Crescent. *See* Amended Complaint, ¶ 37. In addition, Plaintiffs identify Huntsville as a property that "shares common design features with the tested apartment complexes and Plaintiffs have reason to believe that similar FHAA accessibility violations may exist…" *Id.* at ¶ 8. There is no allegation that Plaintiffs' testers, or any disabled individual, encountered any affirmative act of discrimination on the part of Defendants.[6] Accordingly, Plaintiffs' Amended Complaint fails to contain the necessary factual allegations of discrimination on the part of Defendants to sustain a 42 U.S.C. § 3604(f)(1)-(2) claim.

Plaintiffs' arguments suggest that dismissal of Defendants would result in disabled individuals having no recourse in the event that an apartment owner, who did not design or construct the apartment, rents non-accessible apartments while the builder of the apartments has been dissolved (negating any 42 U.S.C. § 3604(f)(3)(C) claim against such builders). Plaintiffs' hypothetical is wholly without merit. In the event an apartment owner refused to rent, made unavailable, or denied an apartment to an disabled individual, that individual, or an organization representing such individual or test, would have an available remedy under 42 U.S.C. § 3604(f)(1)-(2). However, Plaintiffs' Amended Complaint falls short of pleading such an allegation.

Accordingly, Plaintiffs' Amended Complaint fails to state a claim under 42 U.S.C. § 3604(f)(1)-(2) upon which relief may be granted because Plaintiffs have failed to make any allegation that Defendants participated in any affirmative conduct in refusing to rent, making

---

[6] Plaintiffs claim that Defendants mistakenly relied on *Fincher v. South Bend Housing Authority* because the prima facie case analysis does not apply in a situation where the policy being challenged is discriminatory on its face. *See* Plaintiffs' Response, p. 23, n. 17. However, Plaintiffs mistakenly fail to identify ***any policy*** of Defendants that is discriminatory on its face.

unavailable, or denying a unit to a disabled individual. To allow Plaintiffs' Amended Complaint to proceed would require Defendants to defend an "idea' or "concept" of discrimination without any factual allegations to discover, determine, and refute. Therefore, the FHA claims against Defendants Morgan Overlook Apartments LLC, Morgan Crescent at Wolfchase, LLC and Huntsville Main Street Apartments LLC in Plaintiffs' Amended Complaint should be dismissed.[7]

### III.   Conclusion

For the foregoing reasons, Defendants, Morgan Overlook Apartments LLC, Morgan Crescent at Wolfchase, LLC and Huntsville Main Street Apartments LLC, by counsel, respectfully request that the Court grant their Motion to Dismiss Plaintiffs' Amended Complaint for Failure to State a Claim and dismiss Defendants from the Amended Complaint.

**LEWIS WAGNER LLP**

By:   s\ Theresa R. Parish
JOHN C. TRIMBLE, #1791-49
STEPHANIE L. CASSMAN, #22206-49
THERESA R. PARISH, #27996-49
Counsel for Defendants Morgan Overlook Apartments LLCM, Morgan Crescent at Wolfchase, LLC and Huntsville Main Street Apartments LLC

---

[7] Plaintiffs argue that Huntsville (and Morgan Overlook and Morgan Crescent if the Court concludes that Plaintiffs failed to state a claim under 42 U.S.C. § 3604(f)(1)-(2)) must remain in the case as necessary parties for relief. *See* Plaintiffs' Response, p. 21, n. 14 and 28-30. Plaintiffs stated, "Stated differently, the Design/Build Defendants are going to need access to the properties currently owned by the Remedial Defendants in order to make the necessary retrofits." *Id.* at 29. Defendants will make Huntsville, Morgan Overlook, and Morgan Crescent available for any remedial construction imposed upon the Design/Build Defendants in this case, and such willingness should negate the need to force Huntsville, Morgan Overlook, and Morgan Crescent in the litigation. *See U.S. v. Shanrie Co., Inc*. 2010 WL 996750 (S.D. Ill. March 17, 2010) (Builder defendants required to retrofit two apartments complexes, and apartment complexes were not joined as a necessary party). Even though Defendants will make Defendants' premises available for any remedial construction, Defendants' premises will be made available in a manner that is minimally disruptive to the current occupants. *See National Fair Housing Alliance v. A.G. Spanos Construction*, 542 F.Supp.2d 1054, 1067 (N.D. Cal. 2008) ("requiring accessability improvement work to be done in between tenancies while apartments are vacant, including detailed provisions to minimize the inconvenience to tenants.") (citation omitted).

tparish@lewiswagner.com
scassman@lewiswagner.com
jtrimble@lewiswagner.com

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing upon all counsel of record, as follows, via the Court's electronic filing system, this 13th day of June, 2011:

| | |
|---|---|
| John William Emry, Jr.<br>johnemrylaw@att.net | Charles F.G. Parkinson<br>HARRIS WELSH & LUKMANN<br>cparkinson@hwllaw.com |
| David K. Herzog<br>Harmony A. Mappes<br>Paul A. Wolfla<br>BAKER & DANIELS<br>david.herzog@bakerd.com<br>harmony.mappes@bakerd.com<br>paul.wolfla@bakerd.com | Andrew W. Gruber<br>Casey Jo Eckert<br>BINGHAM, McHALE, LLP<br>agruber@binghammchale.com<br>ceckert@binghammchale.com |
| Michael Allen<br>Stephen M. Dane<br>Thomas J. Keary<br>RELMAN, DANE & COLFAX, PLLC<br>mallen@relmanlaw.com<br>sdane@relmanlaw.com<br>tkeary@relmanlaw.com | Lori R. Koch<br>GOFFSTEIN RASKAS POMERANTZ<br>KRAUS & SHERMAN, LLC<br>7701 Clayton Road<br>St. Louis, MO 63117-1371 |
| John Jewell<br>jewell@evansville.net | Christopher D. Oakes<br>COX, OAKES & ASSOCIATES, LTD.<br>cdoakes@coxattorneys.com |

                                                s\Theresa R. Parish
                                                LEWIS WAGNER, LLP
                                                500 Place
                                                501 Indiana Avenue, Suite 200
                                                Indianapolis, IN  46202-6150
                                                Telephone:    (317) 237-0500
                                                Facsimile:    (317) 630-2790

Q:\CHUB\41\Reply_Motion_Dismiss__Brief_Amended Complaint.doc