UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| National Fair Housing Alliance, Inc. *et al.,* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:10-CV-0993-RLY-DML |
| ) | |
| S.C. Bodner Company, Inc.., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**STIPULATED JUDGMENT**

This Stipulated Judgment is entered into this 12th day of October 2012 by and between Plaintiffs National Fair Housing Alliance, Inc. ("NFHA"), Savannah-Chatham County Fair Housing Council, Inc., and Metro Fair Housing Services, Inc. (collectively "Plaintiffs") and Defendants Morgan Overlook Apartments LLC, Morgan Crescent at Wolfchase Apartments LLC, and Huntsville Main Street Apartments LLC (collectively "Morgan Defendants").

**I. PURPOSES OF THE STIPULATED JUDGMENT**

WHEREAS Defendant Morgan Overlook Apartments LLC is the owner of The Overlook at Golden Hills, an apartment complex in Lexington, South Carolina; Defendant Morgan Crescent at Wolfchase Apartments LLC is the owner of Crescent at Wolfchase, an apartment complex in Memphis, Tennessee; and Defendant Huntsville Main Street Apartments LLC is the owner of Main Street Apartments, an apartment complex in Huntsville, Alabama (properties collectively referred to as the "subject apartment complexes");

WHEREAS, on May 10, 2011, Plaintiffs filed an Amended Complaint against the Morgan Defendants and others in the United States District Court for the Southern District of

Indiana, case number 1:10-cv-00993-RLY-DML, alleging that, as more fully set forth in Plaintiffs' Amended Complaint, the Morgan Defendants, knowingly or with sufficient time to discover and correct these deficits, rented units at their respective, subject apartment complexes which were not readily accessible to and usable by persons with disabilities, in violation of the Fair Housing Act (FHA);

WHEREAS the Morgan Defendants and Plaintiffs have engaged in discussions to resolve the allegations set forth in the Amended Complaint regarding access and environments for residents and visitors at their respective, subject apartment complexes; and, thereafter, the Parties have worked closely together to create a method to accomplish such a resolution and enhance accessibility and livability for disabled persons in the future and which will avoid future claims by NFHA affiliate members and others concerning the subject matter of the Complaint;

WHEREAS Frank T. Colby Jr., ("Inspector") has been retained by the Morgan Defendants as neutral, third party Inspector;

WHEREAS, by the agreement of the Parties, the Inspector or his agent will visit and survey the subject apartment complexes and will, no later than thirty (30) days from the entry of this Stipulated Judgment by the Court, provide a written report ("Inspector's Report") for each, containing the Inspector's findings and recommendations concerning remediation of items determined not to be in compliance with accessibility requirements;

WHEREAS the Parties, without liability, have concluded that it serves their respective interests to resolve the litigation and to avoid the expenditure of additional time, effort and resources in litigating disputes as to the subject apartment complexes; and they now wish to fully, finally, and forever settle and compromise the claims and defenses that each has in this action regarding these properties and to release, discharge, and terminate all claims, demands,

controversies, suits, causes of action, damages, rights, warranties, liabilities and obligations between them relating to this property as described herein; and

WHEREAS the Parties have entered into a Performance Protocol outlining the methods by which the Inspector's survey will be conducted and the remediation will occur, and intend that each and every term of the Performance Protocol be incorporated herein by this reference.

## II. TERMS OF THE STIPULATED JUDGMENT

Based upon the foregoing recitals, which are incorporated herein by this reference, it is hereby ORDERED, ADJUDGED AND DECREED as a Final Judgment that:

A. <u>Settlement Payment</u>

The Morgan Defendants shall, no later than fifteen (15) days from the entry of this Stipulated Judgment by the Court, make a Settlement Payment, pursuant to the Performance Protocol, as compensation to Plaintiffs (including reimbursement of attorney's fees). No portion of the Settlement Payment is intended for, or will be utilized by, the Morgan Defendants to make any building or property more accessible or accommodating to any disabled person.

B. <u>Retrofitting of Design and Construction Elements</u>

Pursuant to the Performance Protocol, a final "Punch List" shall be developed, which describes the work needed to achieve the goal of making the specific features more accessible at each subject apartment complex.

1. The Morgan Defendants shall make the accessibility-related changes on the final Punch List for their respective subject apartment complex.

2. All retrofits to the building entrances, accessible routes and the public and common use areas on the Punch List for each subject apartment complex shall commence as soon as reasonably possible after the date the Punch List is finalized and shall be

completed not more than twelve (12) months from the end of the month in which the Punch List is finalized, unless the Parties agree otherwise in writing.

  3. Unless a tenant has requested expedited retrofitting, pursuant to Paragraphs B.4 and B.5 below, Punch List retrofits to the interiors of "covered multifamily dwellings," as that term is defined by 24 C.F.R. § 100.201, shall commence when the unit first becomes vacant following finalization of the Punch List for the property and shall be completed before the unit is re-occupied by a new tenant.  Regardless of whether or not a vacancy arises, however, the Morgan Defendants shall perform these Punch List retrofits for their respective subject apartment complex within twenty-four (24) months from the end of the month in which the Punch List is finalized for their property, unless the Parties agree otherwise in writing. The Morgan Defendants shall attempt, in good faith, to minimize any inconvenience to the residents.

  4. A resident or prospective resident of a "covered multifamily dwelling," as that term is defined by 24 C.F.R. § 100.201, may request in writing that retrofits on the Punch List for the interior of his or her unit be performed on an expedited basis.  In such instance, the relevant Morgan Defendant shall commence and finish the Punch List retrofits not later than sixty (60) days following receipt of the request, or as soon thereafter as is practical.  The Morgan Defendants shall pay all expenses associated with these Punch List retrofits for their property and shall attempt, in good faith, to minimize any inconvenience to the residents.

  5. Within thirty (30) days from the date of the finalization of a Punch List, the Morgan Defendants shall provide a notice to the residents of each ground floor dwelling of their respective property informing the residents of the availability of interior retrofits

under the terms of this Stipulated Judgment, and informing the resident that this work shall be completed without cost to them.  The notice shall also include a proposed schedule for such work.  Should any resident request Punch List retrofits to his or her unit, the Morgan Defendants agree that within thirty (30) days of the receipt of the tenant's written request or by a later date if specifically requested by the tenant or agreed to by the Parties, the Morgan Defendant will commence the requested Punch List retrofits for their property relating to the interior of the unit and complete the same as soon as reasonably practical thereafter.  The expenses associated with the Punch List retrofits shall be borne by the Morgan Defendants for their respective property.

6. Performance by the Morgan Defendants of their obligations as outlined in the Paragraphs B.1 through B.5 above shall constitute compliance with the terms of this Stipulated Judgment.

7. The sale or transfer, in whole or in part, of an ownership interest in a subject apartment complex prior to the completion of retrofits on the Punch List shall not affect a Morgan Defendant's obligation to complete the retrofit work provided for under this Stipulated Judgment.  In the event of such sale or transfer of interest, the relevant Morgan Defendant will provide written notice to each buyer or transferee that they are required to complete the Punch List retrofits pursuant to this Stipulated Judgment.  The Morgan Defendant shall either complete the retrofit work prior to the sale or transfer or obtain written consent of the new buyer(s)/transferee(s) to have the Punch List retrofits performed within the time frame allotted herein after the new owner takes possession.  Not later than fourteen (14) days after such sale or transfer, the Morgan Defendant shall notify Plaintiffs in writing of actions that they have taken in accord with this provision.

Upon such sale, the Morgan Defendant shall be fully dismissed, released and discharged from the obligations of this Stipulated Judgment, provided either that the retrofit work has been completed and certified prior to the date of sale, or the new owner has assumed and agreed to complete such work in accordance with the Stipulated Judgment.

C.    General Release of All Claims

For valuable consideration, the sufficiency and receipt of which is hereby acknowledged, Plaintiffs hereby release the Morgan Defendants and their respective past and present partners, officers and directors, their employees, agents, attorneys, accountants, advisors, consultants, subsidiaries, affiliated and parent entities and corporations, and each of their respective insurers, predecessors, successors and assigns (collectively, their "Affiliates"), of and from any and all claims, demands, debts, causes of actions, complaints, obligations, suits, liabilities, rights, commitments, judgments, suits at law or in equity, and obligations whatsoever, whether known or unknown, concealed, hidden, suspected or unsuspected, that they ever had or may now have, arising out of, or in any way related to, the facts and circumstances surrounding and alleged (or which could have been alleged) in the Amended Complaint regarding the subject apartment complexes, including, but not limited to, claims related to the Fair Housing Act (Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, and any and all amendments thereto), the Americans with Disabilities Act, and any similar federal, state or local accessibility laws.

Plaintiffs, on behalf of themselves and their respective predecessors, successors, assigns, agents, directors and officers expressly covenant and agree to forever refrain from instituting, maintaining, prosecuting, continuing to maintain or prosecute any suit, action, administrative action or proceeding, or assisting others with any suit, action, administrative action, or

proceeding involving the subject apartment complexes, subject to the terms and provisions set forth herein with regard to remedial actions. Plaintiffs agree that this Stipulated Judgment shall extinguish, and amount to a complete and final disposition and settlement of, all claims Plaintiffs may have against the Morgan Defendants or their Affiliates relating to all matters and issues involving the subject apartment complexes which were alleged or could have been alleged in the Amended Complaint, or were raised or could have been raised in the Amended Complaint, including, but not limited to, any claims relating to the Fair Housing Act, the Americans with Disabilities Act, and any federal, state or local laws related thereto. It is understood and agreed that the remedial work is yet to be performed in accordance with the terms and provisions hereof, and that the Court retains jurisdiction to enforce the same.

Plaintiffs' counsel shall move to dismiss with prejudice and without costs (other than as agreed to and set forth in the Performance Protocol), all claims in the Amended Complaint with respect to the subject apartment complexes and the owners of the same. However, the Parties covenant and agree that the District Court shall retain jurisdiction over this matter to enforce the terms of this Stipulated Judgment.

Plaintiff NFHA shall take all reasonable steps to secure the cooperation of its members to honor this Stipulated Judgment and to abide by NFHA's decision to enter into this Stipulated Judgment. The Parties seek to avoid future litigation with respect to the subject apartment complexes, which concerns the subject matter of Plaintiffs' Amended Complaint, and to bring any such future claim by a member to NFHA's attention for purposes of a mediated resolution with the Morgan Defendants.

    D.    <u>Remedial Obligations</u>

        1.    *General Provisions.* Subject to the terms of this Stipulated Judgment, the

Morgan Defendants shall not discriminate in the rental of, or otherwise make unavailable or deny dwellings to people because of their disabilities in violation of the FHA, 42 U.S.C. § 3604(f)(1), or discriminate against people with disabilities in the terms, conditions, or privileges of rental of a dwelling in violation of the FHA, 42 U.S.C. § 3604(f)(2).

    2. *Notice to Public:*

        a. Within ten (10) days of the date of execution of this Stipulated Judgment, and for a period of thirty-six (36) months thereafter, the Morgan Defendants agree to post and prominently display in the sales or rental offices of all covered multifamily dwellings owned in whole or in part or managed by them a sign no smaller than 10 by 14 inches indicating that all dwellings are available for rental on a nondiscriminatory basis. A poster that comports with 24 C.F.R. § 110 will satisfy this requirement.

        b. For a period of thirty-six months (36) from the execution of this Stipulated Judgment, the Morgan Defendants shall, in all advertising in newspapers, websites, or reprints of pamphlets, brochures and other promotional literature regarding any covered multifamily rental property owned in whole or in part or managed by them, place, in a conspicuous location, the universal symbol of accessibility.

E. <u>Findings</u>

The Court makes the following findings:

    1. The Parties have freely, voluntarily, and without coercion agreed to the entry of this Stipulated Judgment.

2. The Court has personal jurisdiction over Plaintiffs and the Morgan Defendants for purposes of this Action and has jurisdiction over the subject matter of this Action.

3. The provisions of this Stipulated Judgment shall be binding upon Plaintiffs and the Morgan Defendants.

4. This Stipulated Judgment shall be deemed as having adjudicated, once and for all, the merits of each and every claim, matter and issue that was alleged or could have been alleged in the Amended Complaint as to the Morgan Defendants. Accordingly, *res judicata* and collateral estoppel shall apply to each and every such claim, matter and issue so that the Plaintiffs are forever barred from litigating such claims, matters and issues.

5. Entry of this Stipulated Judgment is in the public interest.

6. This Stipulated Judgment is for settlement purposes only and does not constitute an admission by the Morgan Defendants of any allegations contained in the Amended Complaint.

7. Plaintiffs are acting as private attorneys general in maintaining this action and enforcing the provisions of the Fair Housing Act and Americans with Disabilities Act against the Morgan Defendants.

8. Therefore, the Court finds that any further legal or administrative action of any kind except for the enforcement of this Stipulated Judgment, instituted by any individual or entity arising from, based upon, or connected with the alleged failure of the Morgan Defendants in compliance with the provisions of the Fair Housing Act in the ownership and rental of the subject apartment complexes, would be moot.

F.   Miscellaneous Provisions

1.   *Binding Effect*.  This Stipulated Judgment shall be binding upon and inure to the benefit of the Parties hereto, their respective heirs, successors and assigns.

2.   *Costs and Expenses*.  Except as specifically provided for herein, each of the Parties to this Stipulated Judgment shall bear its own costs arising out of and/or relating to the Amended Complaint.

3.   *Deadlines*.  All deadlines and dates for performance by Plaintiffs and/or the Morgan Defendants under this Stipulated Judgment may be extended or modified by written agreement between NFHA and the Morgan Defendants.

4.   *Authority to Contract*.  The Parties hereby mutually acknowledge, represent and warrant that the persons executing this document on their behalf are vested with complete and legal authority to execute agreements, and specifically, the instant Stipulated Judgment on their behalf.

5.   *Severability*.  Each provision and term of this Stipulated Judgment shall be interpreted in such a manner as to be valid and enforceable.  In the event any provision or term of this Stipulated Judgment is determined to be, or is rendered, invalid or unenforceable, all other provisions or terms of this Stipulated Judgment shall remain unaffected to the extent permitted by law.

6.   *Notice to the Parties*.  All notices required or permitted hereunder shall be in writing and shall be served on the Parties at the addresses or e-mail addresses set forth below.  If sent by overnight delivery, notice shall be deemed delivered one (1) business day after deposit with a nationally recognized overnight courier.  Personal delivery shall be deemed delivered upon the date the same was actually delivered.  E-mail notices shall

be deemed delivered the day the same was sent, provided that the sender has retained a copy and the same was properly sent.

    a. Notices to Plaintiffs shall be sent to:

> National Fair Housing Alliance
> Attn: Shanna Smith, CEO and President
> 1101 Vermont Ave., NW, Suite 710
> Washington, DC 20005
> ssmith@nationalfairhousing.org

> Any notice to Plaintiffs must also be sent to counsel for Plaintiffs:

> Michael Allen, Esq.
> Relman, Dane & Colfax PLLC
> 1225 19th St., NW, Suite 600
> Washington, DC 20036
> mallen@relmanlaw.com

    b. Notices to the Morgan Defendants shall be sent to:

> Stephanie L. Cassman, Esq.
> Lewis Wagner, LLP
> 317.237.0500 x 282 | F: 317.630.2790
> 501 Indiana Avenue, Suite 200
> Indianapolis, Indiana 46202

7. *Entire Agreement*. This Stipulated Judgment constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements, understandings, expectations and discussions of or between the Parties, whether oral or written, and there are no representations or other agreements between the Parties respecting the subject matter hereof.

## III. ENTRY OF JUDGMENT

SO ORDERED this _____ day of _____, 2012

_____
UNITED STATES DISTRICT COURT JUDGE

Stipulated to by the Parties as indicated by the signatures appearing below:

**Plaintiff National Fair Housing Alliance, Inc.**

By: _[signature]_  October 9, 2012
Name: Shanna L. Smith
Its: President/CEO

**Plaintiff Savannah-Chatham County Fair Housing Council, Inc.**

By: _[signature]_  October 10, 2012
Name: David Wayne Dawson, Jr.
Its: Executive Director

**Plaintiff Metro Fair Housing Services, Inc.**

By: _[signature]_  October 11, 2012
Name: Gail L. Williams
Its: Executive Director

**Defendants Morgan Overlook Apartments LLC, Morgan Crescent at Wolfchase Apartments LLC and Huntsville Main Street Apartments LLC**

By: _____  October ___, 2012
Name: _____
Its: _____

### III. ENTRY OF JUDGMENT.

SO ORDERED this _____ day of _____, 2012

_____
UNITED STATES DISTRICT COURT JUDGE

Stipulated to by the Parties as indicated by the signatures appearing below:

**Plaintiff National Fair Housing Alliance, Inc.**

By:_____  October ___, 2012
Name: _____
Its: _____

**Plaintiff Savannah-Chatham County Fair Housing Council, Inc.**

By:_____  October ___, 2012
Name: _____
Its: _____

**Plaintiff Metro Fair Housing Services, Inc.**

By:_____  October ___, 2012
Name: _____
Its: _____

**Defendants Morgan Overlook Apartments LLC, Morgan Crescent at Wolfchase Apartments LLC and Huntsville Main Street Apartments LLC**

By:_____  October ___, 2012
Name: _____
Its: _____

Respectfully Submitted,

/s/ Michael G. Allen
Michael G. Allen
Stephen M. Dane
Thomas J. Keary
*Admitted pro hac vice*
Relman & Dane, PLLC
1225 19th Street, NW, Suite 600
Washington DC 20036
Telephone:  (202) 728-1888
Fax:  (202) 728-0848

mallen@relmanlaw.com
sdane@relmanlaw.com
tkeary@relmanlaw.com

John Emry (Indiana Bar No. 8360-49)
JOHN EMRY LAW
62 W. Jefferson Street
Franklin, IN 46131
Telephone:  (317) 736-5800
Fax:  (317) 736-6070
johnemrylaw@att.net

*Attorneys for Plaintiffs*

Dated:  October 12, 2012

/s/ Stephanie L. Cassman
Stephanie Lynn Cassman
LEWIS WAGNER LLP
501 Indiana Avenue
Suite 200
Indianapolis, IN 46202
Telephone: (317)237-0500
Fax: (317)630-2790
Email: scassman@lewiswagner.com

*Attorney for the Morgan Defendants*

Dated:  October 12, 2012

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 12, 2012, a copy of the foregoing Stipulated Judgment was electronically filed with the Clerk of the Court using the CM/ECF system and will be electronically sent to all parties of record by the Court's electronic filing system.

**David K. Herzog**
**Harmony A. Mappes**
**Paul A. Wolfla**
BAKER & DANIELS - Indianapolis
300 N. Meridian
Suite 2700
Indianapolis, IN 46204
(317) 237-1240
Email: david.herzog@bakerd.com
        harmony.mappes@bakerd.com
        paul.wolfla@bakerd.com

**John Carl Trimble**
**Stephanie Lynn Cassman**
**Theresa Renee Parish**
LEWIS WAGNER LLP
501 Indiana Avenue
Suite 200
Indianapolis, IN 46202
(317) 237-0500
Fax: (317) 630-2790
Email: jtrimble@lewiswagner.com
        scassman@lewiswagner.com
        tparish@lewiswagner.com

**Charles F.G. Parkinson**
HARRIS WELSH & LUKMANN
107 Broadway
Chesterton, IN 46304
(219) 926-2114
Fax: (219) 926-1503
Email: cparkinson@hwllaw.com

**Lori R. Koch**
GOFFSTEIN RASKAS POMERANTZ KRAUS & SHERMAN, LLC
7701 Clayton Road
St. Louis, MO 63117-1371
Email: lkoch@grlawstl.com

**Andrew W. Gruber**
BINGHAM MCHALE LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
(317) 968-5381
(317) 968-5491
Fax: (317)236-9907
Email: agruber@binghammchale.com

**John J. Jewell**
TRIMBLE & JEWELL PC
P O Box 1107
706 Court Street
Evansville, IN 47706-1107
(812) 421-2979
Fax: (812) 421-2978
Email: jewell@evansville.net

**Christopher D. Oakes**
COX, OAKES & ASSOCIATES, LTD.
1051 Perimeter Drive
Suite 550
Schaumburg, IL 60173
(847) 240-0022
Email: cdoakes@coxattorneys.com

**John William Emry, Jr.**
62 West Jefferson Street
Franklin, IN 46131-2311
(317)736-5800
Fax: (317)736-6070
Email: johnemrylaw@att.net

I further certify that I have mailed a copy of the foregoing document via the U.S. Postal Service to the following non-CM/ECF participants: None.

  /s/ Michael G. Allen
Michael G. Allen*
Stephen M. Dane*
Thomas J. Keary*
RELMAN, DANE & COLFAX, PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036
Tel: 202-728-1888
Fax: 202-728-0848
mallen@relmanlaw.com
sdane@relmanlaw.com
tkeary@relmanlaw.com

*Attorneys for Plaintiffs*

*\* Admitted pro hac vice*